# Hutchinson *v.* State.

## *Indictment for Carrying Concealed Weapon.*

1. *Pistol; what constitutes, within the meaning of statute against carrying concealed weapons.*—A person who carries concealed about his person, all the pieces of a pistol, which could readily be put together so as to make an effective weapon, is guilty of carrying concealed weapons, though at the time he carried them concealed, the pieces were separate and incapable of use as a fire-arm until put together.

APPEAL from Coffee Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellant, Neal Hutchinson, was tried and convicted of carrying a pistol concealed about his person.

On the trial it was shown that the cylinder of the pistol was taken apart from the barrel, and while thus separated, the appellant carried the pieces concealed about his person. It was shown that the pistol could not be fired, either by the lock or by a match, at the time it was put in the pocket of the appellant. It was also shown that all the parts of the pistol were perfect, and could have been put together.

Upon this evidence the court charge the jury, among other things, " That if the cylinder only was separated from the barrel and the defendant 'put the two parts of the pistol thus separated into his pocket, and concealed them, and that the cylinder of the pistol could have been easily and readily adjusted for use so as to make it fire, then he would be guilty of carrying concealed weapons, although they may believe that the cylinder of the pistol was separate from the barrel at the time he put it in his pocket." To the giving of this charge the defendant excepted, and requested the court to give the following written charges, which the court refused, and to which refusal an exception was taken : 1st, "That if the jury believe, from the evidence, that at the time the defendant is charged with carrying the pistol concealed, that the pistol was in pieces so that it could not be fired either by the lock or by applying a match to it, then it would not be such a pistol as the law prohibits the defendant from carrying it concealed." 2d, "That if the jury believe, from the evidence, that the pistol was in pieces, that the cylinder of the pistol was separated from the barrel so as it could not be fired without readjusting of it, and that it was not readjusted and the defendant only put the pieces in his pocket, then he

[Holding v. Thomas.]

would not be guilty of carrying concealed weapons within the purview of the law."

W. D. ROBERTS, for appellant.

H. C. TOMPKINS, Attorney-General, contra.

MANNING, J.—Appellant was indicted for carrying a pistol concealed about his person. The evidence was that the cylinder of the pistol was separated from the rest of the fire-arm, and both parts carried by defendant in his pocket, without any thing to prevent an easy readjustment of the parts, to make the weapon effective.

Under the authority of Atwood v. State, (53 Ala. 508), and the cases therein referred to, we hold that the Circuit Judge did not err in the charge given, or in his refusals to charge as requested.

Let the judgment of the Circuit Court be affirmed.