# Bradley *v.* The State.

## *Violating Prohibition Law.*

(Decided Jan. 30, 1912.   58 South. 95.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where a witness is subsequently permitted to testify fully as to a matter, no prejudicial error intervened on account of a former exclusion of the evidence.

2. *Same.*—Where a witness answers a question as to whether his employer had a revenue license at the time, by stating that he did not know, he is not prejudiced by a ruling permitting the question and the answer, as it was not unfavorable to him.

3. *Evidence; Uncommunicated Motive.*—The question as to why a witness went to his uncle's, is properly excluded as calling for an uncommunicated motive for his act.

4. *Witnesses; Recalling; Discretion.*—Ordinarily it is within the court's discretion to refuse to permit a witness to be recalled for further examination.

5. *Intoxicating Liquors; Nature; Offense.*—The illegal sale of malt liquor is a violation of the prohibition law whether the malt liquor was intoxicating or not.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN. Jr.

Porter Bradley was convicted of violating the prohibition law, and he appeals. Affirmed.

The following charges were refused to the defendant: (1) "Unless you are convinced by the evidence beyond all reasonable doubt that what the defendant sold was

an intoxicant, then you cannot convict the defendant."
(2) "Gentlemen, if the defendant sold Mr. Bagley bock
brew, and you are further reasonably convinced that
this bock brew was not intoxicating within the mean-
ing of the law, then the jury cannot convict the defend-
ant." (3) "Gentlemen of the jury, in passing upon the
testimony of Oscar Bagley, you may consider his state-
ment to his brother, Jim Bagley, that he bought some-
thing from the defendant which he could not say was
beer, if you believe he made such a statement, and if
you are not convinced by the evidence beyond all rea-
sonable doubt that the defendant sold beer to Mr. Bag-
ley, then you cannot convict the defendant."

TATE & WALKER, for appellant. The court was in
error in not permitting Bradley to show why he went
to his uncle's, as the state had attempted to show flight.
—*Lewis v. The State,* 96 Ala. 9. Charge 3 should have
been given.—*Gregg v. The State,* 106 Ala. 44. Counsel
discuss other charges, but without further citation of
authority.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. Under
the Fuller Bill, it is competent to show the possession
of a Federal Revenue license.—Acts. 1909, p. 85. The
question as to why the witness went to his uncle called
for his uncommunicated motive.—*Fonville v. The State,*
91 Ala. 39; *Linnehan v. The State,* 120 Ala. 293; *Weav-
er v. The State,* 1 Ala. App. 48. Charge 2 referred a
question of law to the jury.—*Dotson v. The State,* 88
Ala. 208; *Tidwell v. The State,* 70 Ala. 33. A prohib-
ited liquor need not be intoxicating in order to render
its sale an offense.

WALKER, P. J.—The defendant could not have been prejudiced by the action of the court in sustaining the solicitor's objection to the question asked the witness Jim Bagley as to whether bock brew resembled beer, as the witness subsequently was recalled and permitted to answer the inquiry fully.

Nor does it appear that the defendant could have been prejudiced by the action of the court in overruling his objection to the question asked him by the solicitor: "Didn't Mr. Grace have at that time a revenue license?" as the question did not elicit evidence that Mr. Grace, who was the defendant's employer, had such license. The defendant's answer to the question, "I don't know whether he did or not," was not unfavorable to him, and the ruling made on the objection to the question does not constitute a ground of reversal. *Braham v. State,* 143 Ala. 28, 43, 38 South. 919.

The question asked the defendant by his counsel, when he was recalled as a witness in his own behalf, as to why he went to his uncle's, called for his uncommunicated motive for his conduct, and the objection to it was properly sustained.—*Linnehan v. State,* 120 Ala. 293, 25 South. 6; *Fonville v. State,* 91 Ala. 39, 8 South. 688; *Burke v. State,* 71 Ala. 377.

Besides, it was within the discretion of the trial court to decline to permit the witness to be recalled for examination on that point.

There was evidence tending to prove that what the defendant sold was a malt liquor. He was subject to conviction on this evidence, whether or not the liquor sold was an intoxicant.—*Feibelman v. State,* 130 Ala. 122, 30 South. 384; *Dickens v. State,* 142 Ala. 49, 39 South. 14, 110 Am. St. Rep. 17; *Lambie v. State,* 151 Ala. 86, 44 South. 51; *Merkle v. State,* 37 Ala. 139. The statement of this proposition disposes of the excep-

tions reserved to the refusal of the court to give writ-ten charges 1 and 2 requested by the defendant. Under the charge and the evidence offered in support of it, the defendant was subject to conviction, though the liquor sold was not beer. This consideration discloses a fault in defendant's charge 3, justifying the refusal of the court to give it, conceding that it was not otherwise subject to objection.

Affirmed.

## *Violating Prohibition Law.*

