(93 South. 331)

### LINDSEY v. STATE. (8 Div. 910.)

(Court of Appeals of Alabama. April 11, 1922. Rehearing Denied May 9, 1922.)

1. Intoxicating liquors ⬲236(5)—Unexplained possession of any part of still prima facie evidence that defendant had possession of still for use in manufacturing prohibited liquors.

Under Acts 1919, p. 1086, unexplained possession of any part of a still is prima facie evidence that the defendant had a still in his possession to be used for the manufacture of prohibited liquors or beverages, even though the prohibited liquors could not be made with the parts so found, provided that they were commonly or generally used or suitable to be used in the manufacture of such liquors.

2. Criminal law ⬲1170(2)—Exclusion of evidence cured by subsequent introduction of same facts in evidence.

The exclusion of testimony, if error, was cured by the subsequent introduction of the same facts in evidence without objection.

3. Criminal law ⬲359—Evidence that person other than defendant fled after discovery of crime held inadmissible.

In prosecution for having possession of a still to be used for the purpose of manufacturing intoxicating liquors in violation of the prohibition laws, in which there was evidence that defendant and another person lived in a house together, and that parts of a still were found in a barn about 50 feet from the house, testimony that such other person fled from the neighborhood after the officers had found the still held inadmissible.

4. Criminal law ⬲359—Testimony that other person has been suspected or accused not admissible.

A defendant is not entitled to introduce testimony that another has been suspected or accused of the crime for which he is being tried.

5. Criminal law ⬲390—Testimony as to occasion for defendant putting planks over hole in barn in which parts of still were found held inadmissible.

In prosecution for having possession of a still for the manufacture of intoxicating liquor, in which there was testimony that parts of a still were found in a hole in a barn near defendant's house, exclusion of answer to question as to the occasion for defendant putting planks over the hole *held* proper, since the question called for the uncommunicated motive for defendant's conduct.

6. Criminal law ⬲359—Testimony as to still other than that which defendant was charged with having in his possession inadmissible.

In prosecution for having possession of still for the manufacture of intoxicating liquor, the exclusion of defendant's testimony as to a conversation with another person prior to finding of defendant's still, in which such other person told defendant that he had a still, *held* proper; such testimony not being limited to still which defendant was charged with having possession of.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

John Lindsey was convicted of violating the prohibition laws, and he appeals. Affirmed.

The following charges were refused to the defendant:

(1) Affirmative charge.

(3) "Unless alcoholic, spirituous, or malted liquors could be manufactured by the use of these things which the state's evidence shows were found upon the defendant's premises, then you should find the defendant not guilty."

(4) Practically same as 3.

E. B. & K. V. Fite, of Hamilton, for appellant.

Counsel discuss the errors insisted upon, but cite no authority, other than the act of 1919 known as the "Bone Dry Law."

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that he had in his possession a still to be used for the purpose of manufacturing alcoholic, spirituous, or malt liquors.

[1] While the charge is that the defendant had in possession a "complete still," so to speak, the positive proof shows only the possession of parts of a still, and under Acts 1919, p. 1086, the unexplained possession of any part of a still is prima facie evidence that the defendant had a still in his possession to be used for the purpose of manufacturing prohibited liquors or beverages. The fact that prohibited liquors could not be made

---

with the parts so found could avail the defendant nothing, provided they were commonly or generally used for or were suitable to be used in the manufacture of prohibited liquors. If the jury believed from all the evidence that the parts so found were in the possession of the defendant, and that they were parts of a still, then this unexplained possession would make a prima facie case against the defendant; that is. the presumption would be that he had a "complete still" in his possession, and that it was to be used for the purpose of manufacturing prohibited liquors, although all the parts thereof were not found. It was open to the jury, then, to say, giving such probative force to the part or parts so found as prescribed by the act, whether it was a fact that the defendant had possession of "a still" to be used for the purpose of manufacturing prohibited liquors.

[2, 3] The evidence showed that the defendant and one Brad Overton lived in a house together, and that in a barn about 50 feet from this house, and in a hole in one of the stables to the barn, were found all of the parts of a still except a flake stand or trough; that this hole in which the parts were found was covered over with a board or boards. If any error was made in the ruling of the court in excluding testimony showing how the defendant and Brad Overton were working, and that Overton had as much access to the stable in which the parts were found, this was subsequently cured when evidence to this effect was introduced without objection. Thereupon the following questions were asked defendant by his counsel:

"Has he [Overton] left since you were arrested?" "Is he [Overton] down in that community now?" and "Has he [Overton] fled the country since the officers found the still in a stall up there in the barn on the place where he and the defendant was living?"

The objection of the state to each of these questions was sustained by the court, and the defendant excepted. In this ruling there was no error. Evidence that a third person, who was suspected of the crime, fled from the county soon after it was committed, is inadmissible. Ward v. State, 15 Ala. App. 174, 72 South. 754; Kemp v. State, 89 Ala. 52, 7 South. 413; Smith v. State, 9 Ala. 990; Owensby v. State, 82 Ala. 63, 2 South. 764.

[4] A defendant is not entitled to introduce testimony that another has been suspected or accused of the crime for which he is being tried. Ward v. State, supra; Brown's Case, 120 Ala. 342, 25 South. 182.

[5] The defendant testified that about two weeks before his arrest he put the planks over the hole in the stable where the still was found. He was then asked: "What was the occasion of you putting them over the hole?" The solicitor's objection to this question was sustained. This called for the uncommunica-

ted motive for the defendant's conduct, and the objection to the question was properly sustained. Bradley v. State, 3 Ala. App. 212, 58 South. 95; 4 Michie's Digest, p. 161, § 238.

[6] There was no error in refusing to permit the defendant to testify that he had a conversation with Brad Overton prior to the finding of this still or apparatus in which he said that he (Overton) had a still. One all-sufficient reason for not permitting this testimony is that it was not limited to the still in question here.

From what has been already said in this opinion there was no error in refusing written charges 1, 3, and 4.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.