### GAMBLE v. STATE.    (6 Div. 50.)

(Court of Appeals of Alabama.   Dec. 19, 1922. Application for Rehearing Withdrawn Jan. 9, 1923.)

**1. Intoxicating liquors ⬅137 — Possession of complete still, apparatus, etc., though not assembled, must be shown.**

While a still, apparatus, etc., for the manufacture of whisky, need not be assembled to sustain a conviction of violating Acts 1919, p. 1086, § 1, if the parts reasonably necessary to its use for such purpose are in defendant's possession, a conviction cannot be sustained if so many parts are missing that the still loses its character as such; the section presupposing a complete still, apparatus, etc.

**2. Intoxicating liquors ⬅236(5)—Possession of part of still is prima facie evidence of possession of whole.**

Under Acts 1919, p. 1086, § 2, possession of any part of a still, apparatus, etc., for the manufacture of whisky is prima facie evidence of guilt, authorizing a conclusion by the jury

that defendant possessed the whole still, apparatus, etc., without additional proof.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Andrew Gamble was convicted of a violation of the prohibition laws, and he appeals. Reversed and remanded.

The defendant objected to this part of the court's oral charge:

"Now, gentlemen, in the second count, under the law, if he had a device, apparatus, appliance, or a still in his possession which was capable of being used for the manufacture of whisky, and which it was intended to be used for the manufacture of whisky, he would be guilty, no matter whether he had actually made whisky with it or not. If he had it for that purpose, and it is not necessary that he have a complete stilling outfit, but if he had any part of a stilling outfit for the purpose of making whisky, he would be guilty under the second count."

The following instructions requested by the defendant were refused by the trial court:

"Before the defendant can be convicted under count 2 of the indictment, the state must show by the evidence that the still in the possession of the defendant was such that prohibited liquors could have been made on it, and this must be shown beyond a reasonable doubt."

"If the jury believe the evidence beyond a reasonable doubt, they must find the defendant not guilty under count 2 of the indictment."

A. A. Griffith, of Cullman, for appellant.

Counsel argues that the burden on the state under the indictment charging possession of a still was not met by proof that defendant had only two or three parts of a still, and insists that the court erred in its oral charge and in refusal of charges requested by the defendant.

Harwell G. Davis, Atty. Gen., for the State.

No brief on original hearing reached the Reporter. The application for rehearing by the state was withdrawn.

SAMFORD, J. The indictment was in two counts. The first charged the defendant with manufacturing whisky, and the second with possessing a still, in violation of Acts 1919, p. 1086. There was a verdict of guilty under count 2.

[1] Section 1 of the act, supra, creates the crime and presupposes a complete still, apparatus, appliance, or device or substitute therefor to be used, etc. In order for the state to be entitled to a conviction, this fact must be established beyond a reasonable doubt.

Such still, apparatus, etc., need not be assembled, if the parts reasonably necessary to its use for the purpose of manufacturing whisky are in the possession of the defendant at the time alleged in the indictment the offense is complete. Atwood v. State, 53 Ala. 508; Hutchinson v. State, 62 Ala. 3, 34 Am. Rep. 1. There might be so many parts of the still missing as to lose its character as such, and where this is the case it would not be a violation of section 1 of the statute.

[2] Section 2 of Acts 1919, p. 1086, supra, fixes a rule of evidence. The possession of any part of a still, etc., is prima facie evidence of guilt and would authorize a conclusion by the jury that the defendant possessed the whole still or apparatus, etc., without additional proof. Maisel v. State, 17 Ala. App. 12, 81 South. 348; Lindsey v. State, 18 Ala. App. 494, 93 South. 331.

The rulings of the trial court in its oral charge and in refusal of written charges requested by defendant were not in accord with these views, and for these errors the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.