### REEVES v. STATE.   (6 Div. 162.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

**I. Intoxicating liquors  236(5)—Unexplained possession of any part of still is prima facie evidence of guilt.**

Under Acts 1919, p. 1086, § 2, the unexplained possession of any part of a still, apparatus, etc., for the manufacture of intoxicating liquors, is prima facie evidence of a violation of the act and of defendant's guilt.

**2. Intoxicating liquors  224, 238(1)—Violation of prohibition law by one possessing part of still held for jury, and defendant has burden of explaining possession.**

Whether the one possessing a coil copper still worm was guilty of possessing a still, apparatus, etc., for the manufacture of prohibited liquors, *held* for the jury, and the burden of explaining such possession to the satisfaction of the jury is on accused in view of Acts 1919, p. 1086, § 2.

**3. Criminal law  554—Defendant's interest may be considered in weighing his testimony.**

Defendant's interest in the case may be considered by the jury in weighing his testimony.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Thomas, alias Tom, Reeves was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

In his oral charge to the jury, the trial court said:

"The defendant is a competent witness, and you can't capriciously disregard his testimony, but *you may consider it in the light that he is the defendant and interested in the result of your verdict.*"

To the italicized portion of the charge defendant excepted.

J. T. Johnson, of Oneonta, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The excerpt from the court's oral charge, to which exception was reserved, was a correct statement of law. 4 Mich. Ala. Dig. 395, 534(2).

BRICKEN, P. J. Count 1 of the indictment was eliminated from consideration of the jury by the charge of the court, as there was no evidence adduced upon the trial of this case to sustain said count, which charged that the defendant distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

The case was submitted to the jury on count 2 of the indictment, and this count charged that since November 30, 1919, the defendant manufactured, sold, gave away, or had in his possession, a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages.

There were numerous exceptions reserved to the rulings of the court upon the testimony. In none of these rulings are we able to discover any error which in our opinion affected injuriously the substantial rights of the defendant.

Without conflict the evidence disclosed that in a field, beyond some bushes and briers, from the defendant's home and within 200 or 300 yards of his house, there was found by the searching party of officers a still of about 150-gallon capacity; also, 150 gallons of beer, and numerous tools, utensils. etc. The still was complete with the exception of the worm and connecting pipes, and in the barn of defendant, 25 or 30 steps from his house, they found a coil copper still worm which the defendant admitted belonged to him. At the still place there was stove wood which the defendant also admitted was his wood and that it was cut by him. He, however, denied ownership or possession of the still, and insisted that he knew nothing about a still being at the designated place until he was conducted there by the officers. He also testified that he knew nothing about his stove wood being at the still, and stated that it was being used without his permission or knowledge.

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Under the rule of evidence fixed by section 2 of the act, for the violation of which this defendant was charged (Acts 1919, p. 1086), the unexplained possession of any part of a still, etc., is prima facie evidence of the violation of the act and of the guilt of the defendant. Maisel v. State, 17 Ala. App. 12, 81 South. 348; Lindsey v. State, 18 Ala. App. 494, 93 South. 331; Andrew Gamble v. State, post, p. 82, 95 South. 202

Here, the defendant freely admitted the ownership and possession of the coil copper still worm, and thus assumed the burden of explaining to the satisfaction of the jury his possession thereof. In his effort to so explain such possession, the court allowed him every opportunity to do so, the question finally resting with the jury for its determination.

[2] Under all the evidence in this case the court properly submitted the guilt or innocence of the defendant to the jury, and throughout the entire trial committed no error necessitating a reversal of the judgment appealed from.

[3] The exception reserved to the oral charge of the court is without merit, as it has many times been held a charge that the interest the defendant has in the case may be considered by the jury in weighing his testimony is proper. 4 Ency. Dig. Ala. Reports, p. 395, par. 534 (2).

The record is free from error.

Affirmed.