## GIDLEY v. STATE. (7 Div. 940.)

(Court of Appeals of Alabama. June 30, 1923.)

**1. Criminal law ⬅=753(1)—Affirmative charge never given, when evidence tends to make case against requesting party.**

The affirmative charge should never be given when there is any evidence, however weak and inconclusive, tending to make a case against the party who asks it.

**2. Intoxicating liquors ⬅=238(2)—Conflicting evidence made question of defendant's guilt one for jury.**

In a prosecution for violation of the prohibition law, conflicting evidence as to defendant's possession of a three-gallon jug of whisky made the question of guilt one for the jury.

**3. Intoxicating liquors ⬅=236(6½)—Evidence held to sustain a conviction for possessing.**

In a prosecution for violation of the prohibition law, positive evidence of state's witnesses as to defendant's possessing a three-gallon jug of whisky held sufficient to sustain a conviction.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Will Gidley was convicted of violating the prohibition law, and appeals. Affirmed.

Lapsley & Carr, of Anniston, for appellant.

One is presumed to be innocent of a criminal offense until guilt is legally proved. The burden of proof is not thrown upon defendant to establish his innocence until the state has proved his guilt beyond a reasonable doubt. Williams v. State, 3 Ala. App. 118, 57 South. 1030; Roberson v. State, 183 Ala. 43, 62 South. 837; McClain v. State, 182 Ala. 67, 62 South. 241; Waters v. State, 117 Ala. 108, 22 South. 490.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. A charge of being unlawfully in possession of whisky was preferred against this defendant in the county court. He was there tried and convicted

and a fine of $50 was assessed against him. An appeal was taken to the circuit court and a jury trial demanded. In the circuit court he was again convicted; the jury assessing a fine of $350 to which the court added three months' hard labor for the county and also 115 days' hard labor to pay the costs. From that judgment of conviction and sentence this appeal is taken.

The rulings of the court upon the testimony to which exceptions were reserved were so manifestly free from error they need not be discussed.

It is strenuously insisted that the evidence is not sufficient to warrant the conviction of this defendant, and that upon these grounds the court erred in refusing to give the general affirmative charge requested by defendant in writing.

[1-3] The correctness of the propositions of law contained in brief of counsel cannot be questioned, but it is difficult for this court to understand how it can seriously be insisted that the defendant was entitled to the affirmative charge in his behalf in the face of the sharp conflict in the testimony. The general and oft-announced rule in this connection is that the affirmative charge should never be given, when there is any evidence, however weak and inclusive it may be, tending to make a case against the party who asks it. In this case, there was evidence tending directly and pointedly to show defendant's guilt. The two state's witnesses Hall and Venable, without any degree of uncertainty, testified positively that they each saw this defendant with a jug containing about three gallons of whisky in his possession, and at the time he had it he was carrying it on his shoulder from the house of Henry Murray (son-in-law of defendant) up the hollow, and saw him set the jug down. and that they went to the jug immediately and it contained three gallons of whisky. The testimony of the two witnesses for state in this respect was direct and positive. not only as to the certain identity of the defendant, but also as to the contents of the jug he was carrying on his shoulder as being whisky. The defendant denied these facts and by his own testimony and that of his witnesses insisted it was not true, but the evidence was without dispute that the officers actually did find about eight gallons of whisky near Murray's house in a hollow, and, as stated, the state's witnesses testified that they saw this defendant and another carry the whisky up the hollow and set it down. This conflicting testimony, under the elementary rules of evidence, made a jury question, and under the testimony the affirmative charge for either side would have been a clear invasion of the province of the jury by the court. This the court declined to do and properly so, for there is no theory upon which the defendant was entitled to the charge requested. There was ample evidence,

if believed by the jury under the required rule, to warrant the verdict rendered and to sustain the judgment of conviction pronounced.

The rulings of the court were without error. The record proper being also free from error, the judgment of the circuit court appealed from is affirmed.

Affirmed.