PATE v. STATE.     (2 Div. 301.)

(Court of Appeals of Alabama. April 22, 1924.)

1. Intoxicating liquors ⬅️137—Possession of parts of still not an offense.

Under Acts 1919, p. 1086, mere possession of only a part or parts of a still, apparatus, or device for making liquors is no offense.

2. Criminal law ⬅️881(2), 887—Verdict not responsive to count held not to support conviction.

In prosecution under Acts 1919, p. 1086, for possession of a still, verdict finding defendant guilty of possessing part or parts of a still was responsive neither to count nor instruction, and did not support conviction.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Houston Pate was convicted of possessing a still, and appeals. Reversed and remanded.

Jerome T. Fuller, of Centreville, for appellant.

The verdict is insufficient to support a judgment of conviction. Acts 1919, p. 1086, § 1.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The language of the verdict, other than the finding of guilty as charged in the second count of the indictment, was mere surplusage, and when omitted leaves the verdict in proper form. Roberson v. State, 18 Ala. App. 634, 94 South. 132; Wheat v. State, ante, p. 538, 98 South. 698.

BRICKEN, P. J. [1] The crime provided for and denounced by section 1 of an act approved September 30, 1919, and entitled "An Act to further suppress the evils of intemperance," etc. (Acts 1919, p. 1086), relating to the possession, etc., of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, comprehends and means a complete still, a complete appliance, or a complete device or substitute there-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 330.

for, and while the possession of any part or parts of such a still, apparatus, or appliance, or devices or substitute therefor, which is commonly or generally used for, or that is suitable to be used in, the manufacture of said liquor, is, by the rule of evidence established under the terms of section 2 of said act, prima facie evidence of the possession of a *complete still,* yet a possession only of a part or parts of such still, etc., is not made an offense by the statute, supra; and, this being the only statute in this state upon this subject, the mere possession of *only a part or parts* of a still, apparatus or device for making liquors, is no offense (Gamble v. State, [Ala. App.] 95 South. 202;[1] Reeves v. State, [Ala. App.] 95 South. 203;[2] Lindsey v. State, 18 Ala. App. 494, 93 South. 331), and a conviction of this character is unwarranted and cannot be permitted to stand. Such is this case. By the verdict of the jury it affirmatively appears that this defendant was not convicted of the unlawful possession of a still, etc., as contemplated by the statute, supra, but was convicted of having in his possession a part or parts of a still, apparatus, or device for making liquors. This clearly appears from the verdict itself, which is as follows:

"We the jury find the defendant guilty of having in his possession part or parts of a still, apparatus or device for making liquors as charged in the second count of this indictment."

[2] The second count of the indictment contained no such charge. The verdict is not responsive to that count of the indictment, and will not therefore support the judgment of conviction. Nor is the verdict in compliance with, or responsive to, the instructions of the court in his oral charge to the jury. The court said:

"Gentlemen of the jury, in the event you are convinced beyond a reasonable doubt of the guilt of this defendant, the form of your verdict would be: 'We, the jury, find the defendant guilty of having in his possession *a still* as charged in the second count of the indictment.'"

By the verdict of the jury, who are the sole judges of the facts, this defendant was acquitted of the offense of having possession of a still, etc., but was convicted for having in his possession a part or parts of a still only, and, as no such offense is known to the law, the judgment based on this verdict will not do, and cannot stand, but of necessity the appeal taken therefrom must be sustained, and the judgment reversed, which is accordingly here ordered and adjudged.

As this is conclusive of this case, there is no necessity of discussing other questions presented.

Reversed and remanded.

