(100 So. 922)

### BERRY v. STATE.   (7 Div. 16.)

(Court of Appeals of Alabama.   June 24, 1924.)

1. **Intoxicating liquors ⬤⇒236(1)—Liquor cases tried upon same rules of evidence and law as other crimes.**

Cases involving violations of prohibition statutes are tried upon the same rules of evidence and rules of law as obtain in other criminal statutes.

2. **Criminal law ⬤⇒1159(2)—Verdict not disturbed, where evidence justifies finding of guilt.**

Where there is evidence from which an inference of guilt can be fairly drawn, and jury so finds, the verdict will not be disturbed.

3. **Intoxicating liquors ⬤⇒236(19)—Possession of part of still is prima facie evidence of possession of whole.**

While conviction for unlawful possession of a still may not be had, unless defendant is in possession of a complete still, his possession of a still worm, cap, or thumper keg, etc., is prima facie evidence of possession of the whole, within Gen. Acts 1919, p. 1086, § 2.

4. **Intoxicating liquors ⬤⇒236(19)—Finding of still, and defendant exercising dominion over it, justifies finding of possession.**

Proof that a still was found, whether on defendant's premises or not, and, beyond reasonable doubt, that defendant was present exercising acts of dominion over it, justifies jury finding that defendant had possession within Gen. Acts 1919, p. 1086.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Dolph Berry was indicted under two counts, charging the manufacture of prohibited liquors and the possession of a still. From a general verdict of guilty, he appeals. Affirmed.

J. V. Curtis, of Ft. Payne, for appellant.

To justify a conviction under count 2, the state must show defendant had possession of a still. Seigler v. State, 19 Ala. App. 135, 95 South. 563.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] It is the law, as stated in Moon's Case, 95 South. 830,[2] and many other adjudications by this court, that cases involving a violation of prohibition statutes are to be tried upon the same rules of evidence as obtain in other criminal statutes. This rule obtains also with reference to other rules of law governing criminal trials. One of these is, where there is evidence from which an inference can fairly be drawn that the defendant is guilty, and the jury so finds, the verdict will not be disturbed on appeal. Gidley v. State, 19 Ala. App. 318, 97 South. 170.

[3] Another rule of law which this court has often stated is that section 2, Acts 1919, p. 1086, establishes a rule of evidence, and, while a conviction may not be had unless the defendant is in possession of a complete still, his possession of any part of the still is prima facie evidence that he is in possession of the whole still. A defendant may not be convicted for possessing a still worm, or a still cap, or a thumper keg, but if he is found to be in possession of either the one or the other and that, when connected, it is suitable for making whisky, such fact, when proven beyond a reasonable doubt, is prima facie evidence that he is in possession of the completed outfit, the possession of which is condemned by section 1 of the same act. Edwards v. State (Ala. App.) 95 South. 560;[3] Reeves v. State, 19 Ala. App. 72, 95 South. 203; Gamble v. State, 19 Ala. App. 82, 95 South. 202.

[4] If a still is found, whether on defendant's premises or not, and it is proven beyond a reasonable doubt that the defendant was present, exercising acts of dominion over it, the jury is warranted in the inference that he had the possession.

We find no error in the record, and the judgment is affirmed.

Affirmed.

[1] 19 Ala. App. 234.        [2] 19 Ala. App. 176.        [3] 19 Ala. App. 129.