(102 So. 152)

## SCOTT v. STATE.   (4 Div. 926.)

(Court of Appeals of Alabama.   Oct. 28, 1924. Rehearing Dismissed Nov. 18, 1924.)

1. **Intoxicating liquors ⚟137, 236(5)—Possession of complete still for manufacturing prohibited liquors necessary to constitute offense.**

To constitute offense of possessing still, in violation of Acts 1919, p. 1086, accused, under section 1, must have been in possession of complete still to be used for manufacturing prohibited liquors, though unexplained possession of parts of still used for such purposes is prima facie evidence of such violation, under section 2.

2. **Intoxicating liquors ⚟224—Burden of proof never shifts to defendant in prosecution for possessing still.**

Burden is on state to prove defendant's guilt of possessing still, in violation of Acts 1919, p. 1086, beyond all reasonable doubt, and burden of proof never shifts to defendant.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Alonzo Scott was convicted of unlawfully possessing a still, and he appeals. Reversed and remanded.

Chauncey Sparks, of Eufaula, for appellant.

The court erred in its oral instruction to the jury. Acts 1919, p. 1086; Lindsey v. State, 18 Ala. App. 494, 93 So. 331; Brock v. State, 19 Ala. App. 124, 95 So. 559; Arthur v. State, 19 Ala. App. 311, 97 So. 158.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. This appellant was indicted, tried, and convicted in the court below for a violation of an act of the Legislature approved September 30, 1919 (Acts 1919, p. 1086). This statute is entitled:

"An act to further suppress the evils of intemperance, to prohibit the manufacture, sale, giving away or having in possession any still, apparatus, appliance, or any device or substitute therefor to be used in the manufacture of prohibited liquors and beverages."

Section 1 of said act provides:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away or have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

[1] The above-quoted section creates the crime, and presupposes or contemplates a complete still, etc. Gamble v. State, 19 Ala. App. 82, 95 So. 202. In other words, this section makes the possession of a complete

still, a complete apparatus, a complete appliance, device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages, a criminal offense. As insisted, it does not in any way undertake to make the possession of only a part or parts of a still, etc., a criminal offense. However, under the rule of evidence established by section 2 of said act, the possession by the accused of any part or parts of a still, etc., commonly or generally used, for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, if such possession thereof is unexplained, shall be prima facie evidence of a violation of section 1, supra; that is, prima facie evidence that the defendant had possession of a complete still, etc.

But the court charged the jury orally, among other things—

"that, if the jury believed beyond a reasonable doubt that he (defendant) had in his possession a part, or the parts of a still, an apparatus, an appliance, to be used for the purpose of making some of the prohibited liquors or beverages, and he has not satisfactorily explained his possession, then you would say, 'We, the jury, find the defendant guilty under count 2 of the indictment,' and there you stop."

In line with the above pronouncement, to which an exception was duly reserved, the court refused to defendant the following (unnumbered) charge:

"Before you can convict the defendant of possessing an apparatus for the purpose of making prohibited liquors, you must find that he had a complete apparatus."

These constructions of the statute in question by the court are erroneous. In order to come within the terms of the statute and to constitute the offense therein defined and denounced, the accused must have been in the possession of a complete still, as stated hereinabove, and such possession thereof must be "to be used for the purpose of manufacturing prohibited liquors or beverages." Pate v. State, 19 Ala. App. 642, 99 So. 833.

[2] The usual presumption of innocence attended the defendant upon his trial. The burden of proof was upon the state to prove the guilt of the defendant beyond all reasonable doubt, and this burden is never shifted to the defendant. In the case of Segars v. State, 86 Ala. 59, 5 So. 558, the Supreme Court said:

"In a criminal case, a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Until the state proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence."

Other questions are presented, but not necessary to discuss. The errors designated, and conceded by the Attorney General, must result in the reversal of the judgment appealed from. It is reversed and the cause remanded.

Reversed and remanded.