(104 So. 287)

## MARTIN v. STATE.  (1 Div. 620.)

(Court of Appeals of Alabama.  May 12, 1925.)

Intoxicating liquors ⬯236(19)—Possession of parts of still, without proof of suitability for manufacturing, held not to make prima facie case.

In prosecution for possessing a still, evidence that a lard can was found with hole cut in top, and a trough with a hole at each end, and a pipe about 100 yards away hanging in a tree, without any evidence that any of such articles were commonly used in manufacture of liquor, held insufficient to make out a prima facie case, under Acts 1919, p. 1086, § 1.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Henry, alias Horse, Martin was convicted of possessing a still, and he appeals. Reversed and remanded.

Bedsole & Adams, of Grove Hill, for appellant.

The evidence failed to show that the articles found were suitable for use as a still, and defendant was entitled to the affirmative charge. Wilson v. State, ante, p. 62, 100 So. 914; Miller v. State, ante, p. 279, 101 So. 510.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The first count in the indictment charged that the defendant manufactured prohibited liquor, but as to this count the court gave the affirmative charge for the defendant, which eliminates all questions arising under that charge.

As to the second count, the evidence for the state, and the only evidence, as to a still is that there was found, "A lard can with a hole cut in the top of the lid; a trough with a hole in each end of it; a pipe about 100 yards away hanging in a tree." There was no evidence that either one or all of these articles were suitable or commonly used in manufacturing liquor, so as to make out a prima facie case under section 1, Acts 1919, p. 1086.

Under authority of Wilson v. State (Ala. App.) 100 So. 914;[1] State ex rel. Davis, 211 Ala. 574, 100 So. 917, and authorities there cited, the judgment in this case is reversed and the cause is remanded.

Reversed and remanded.

