(113 So. 625)

**ATCHLEY et al. v. STATE.** (8 Div. 532, 533, 534.)

Court of Appeals of Alabama. June 7, 1927.

Proctor & Snodgrass, of Scottsboro, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The defendants were jointly indicted and convicted on a charge of unlawfully possessing a still to be used for the manufacture of prohibited liquors. After conviction and judgment there was motion for new trial upon the ground of insufficiency of the evidence.

It may be stated in the beginning that the evidence was sufficient to connect all of the defendants with the possession of the articles testified to as having been found at the place where the defendants were arrested. Sharp v. State, ante, p. 81, 112 So. 460.

■■ The motion as to all of the defendants presents a different question. Has the state offered evidence from which the jury may draw the conclusion beyond a reasonable doubt that the defendants at the time of the arrest were in possession of a complete still to be used for the purpose of manufacturing prohibited liquors? There was evidence that the articles found did not constitute a *complete* still. That being the case and a conviction being unauthorized unless the parties were in possession of a *complete* still, the state must rely upon the rule of evidence as declared in section 4657 of the Code of 1923, which provides that the unexplained possession of any part or parts of any still * * * commonly used for, or that is suitable to be used in, the manufacture of prohibited liquors, etc., shall be prima facie evidence of possession of a completed still, the possession of which is condemned by law. That the articles found in possession of defendants may constitute prima facie evidence of guilt, it must appear from the evidence beyond a reasonable doubt that such articles, etc., were commonly or generally used for, or are suitable to be used in, the manufacture of prohibited liquors. There was no testimony tending to prove that the articles found in possession of defendants were commonly or generally used for, or that such articles were suitable to be used in, the manufacture of prohibited liquors. In the absence of such proof, it having been shown that a complete still was not found, the motion for a new trial should have been granted. Wilson v. State, 20 Ala. App. 62, 100 So. 914; Martin v. State, 20 Ala. App. 593, 104 So. 287; Fillmore v. State, 18 Ala. App. 335, 92 So. 94.

■ This court does not judicially know that a "boiler" (of what kind or character is not shown) a "barrel," and a pipe connected with two elbows, are articles of such character when found in possession of a defendant, as to constitute them sufficient evidence to make a prima facie case of guilt under the Code condemning the possession of a still

to be used for the purpose of manufacturing liquors.

For the error in refusing to grant defendants' motion for a new trial, the judgment is reversed, and the cause is remanded.

Reversed and remanded.