(114 So. 425)

## MIMMS v. STATE.   (2 Div. 392.)

Court of Appeals of Alabama.   Nov. 15, 1927.

Gray & Dansby, of Butler, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.   The court in his general charge instructed the jury:

"If the jury is satisfied beyond a reasonable doubt that the defendant had the parts of the still' or certain parts as testified to by the witnesses, and that they are parts of a still, and they are not satisfactorily explained, then you should find the defendant guilty."

The defendant excepted to this part of the court's charge.   The "parts" testified to by .

the witnesses were a smoked tin lard can in defendant's yard, a tin top with a hole in it in defendant's kitchen, and a trough with a hole in each end just outside of defendant's yard. It is admitted that none of these, nor all of them together, constituted a complete still suitable to be used to manufacture whisky. The defendant was not on trial for possessing parts of a still; neither could he be so tried. The statute is against the possession of a complete still. The charge of the court was error, for which the judgment must be reversed. Gamble v. State, 19 Ala. App. 82, 95 So. 202; Maisel v. State, 17 Ala. App. 12, 81 So. 348; Lindsey v. State, 18 Ala. App. 494, 93 So. 331; Pate v. State, 19 Ala. App. 642, 99 So. 833; Scott v. State, 20 Ala. App. 360, 102 So. 152.

It is not necessary to pass upon the other questions raised by the exceptions. Let the judgment be reversed and the cause be remanded.

Reversed and remanded.