(123 So. 110)
## CLAY v. STATE. (8 Div. 767.)

Court of Appeals of Alabama. June 18, 1929.

Almon & Almon, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The defendant was arrested while he was carrying a copper boiler, which was a part of a still, suitable to be used in the manufacture of prohibited liquors.

It was admitted in evidence without objection that about 400 yards south from a shop owned and run by a man named Tolbert, and on a branch, there were found that morning two complete stills, but there is no evidence to connect this defendant with these stills, and none that he even knew these stills were there. This evidence would doubtless have been excluded on proper objection.

The defendant (a negro about 20 years of age) was, when arrested, in an open field between Tolbert's shop and the place where these two stills were found; when first seen by the officers he was 50 yards from the shop, and when stopped by the officers he was about 150 yards and going in the direction of the branch where the other stills were located. Upon being questioned by the officers he said he had made the "pot," and if he had not been stopped intended to "make a run."

It is very evident from the other facts and circumstances in this case that the "pot" or "boiler," which was new and made of copper and wood, had just been made by Tolbert, a white man and the owner of the shop, and that this negro boy was being used as a messenger to carry the boiler to the place across the open field and put in a place designated by Tolbert. It also appears from the undisputed evidence that the boiler belonged to Tolbert, that the defendant was at the shop (where was also a grist mill) to get some meal for his employer, and that defendant was carrying the boiler at the request and under the direction of Tolbert.

It is true that the unexplained possession of the pot or boiler, identified by witnesses as a part of a still, etc., made a prima facie case for the state under section 4657 of the Code of 1923. Under our former rulings this presented a question for the jury, from which the statute authorizes a finding by the jury that the defendant possessed the complete still of which the boiler was a part. Maisel v. State, 17 Ala. App. 12, 81 So. 348; Lindsey v. State, 18 Ala. App. 494, 93 So. 331; Gamble v. State, 19 Ala. App. 82, 95 So. 202. But, where the facts and circumstances are overwhelming to the conclusion that there was no such possession as is contemplated by 4656 of the Code of 1923, the court should on proper motion set aside a verdict of conviction. It is very evident to us from the evidence in this record that this defendant was not in possession of a complete still, etc.; that he did not make or manufacture a complete still, etc. It is perfectly clear to us that this negro boy is the victim of circumstance, and that the white man Tolbert was the owner and guilty agent who is responsible for the manufacture of this boiler, and that defendant was his innocent messenger. The court should have granted the motion for a new trial. Pate v. State, 19 Ala. App. 642, 99 So. 833; Atchley v. State, 22 Ala. App. 125, 113 So. 625; McCormick v. State, 22 Ala. App. 577, 117 So. 911. The foregoing being determinative of this appeal, other questions presented are not passed upon.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.