(123 So. 107)
### BOWDEN v. STATE. (3 Div. 617.)

Court of Appeals of Alabama. June 18, 1929.

Hamilton & Jones and Edwin C. Page, Jr., all of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. This defendant was indicted on a charge of unlawfully possessing a still under section 4656 of the Code of 1923. The evidence for the state consisted of the testimony of a deputy sheriff, who said that he went to the house where defendant was living with his wife, armed with a search

warrant; that he searched first the house, then the premises, and finally the loft to the barn, in which he found two lard cans, one 50-pound and one 100-pound, the smaller being in the larger, and each had a hole in the top and one of them was smutty; that he found a trough in the pigpen in which hogs had been fed; it was an old trough and had a hole in each end stopped with corn cobs. No beer was found, no whisky, no indication of a preparation to manufacture whisky, and while it was testified that these cans and this trough could be made parts of a completed still, the evidence for the state tended to prove that there was not a complete still on or about the premises. There was no evidence tending to prove that the defendant knew that the cans were in the loft and none that the trough had ever been used by him.

■■ We have so many times held that section 4656 of the Code of 1923 contemplates a complete still, and that section 4657 only makes possession of a part of a still prima facie evidence of a complete still, and that there can be no conviction under this section unless the jury believe beyond a reasonable doubt that the defendant was then and there in possession of the complete still, though not assembled, we deem further discussion and citation of authority a work of supererogation. Pate v. State, 19 Ala. App. 642, 99 So. 833; Berry v. State, 20 Ala. App. 102, 100 So. 922.

Assuming that the two lard cans were "suitable to be used in the manufacture of prohibited liquors," they could not be used alone, but only in conjunction with other parts. The possession of the cans, if the defendant knew they were in the loft, made a technical prima facie case, from which the jury might infer, in the absence of rebutting evidence, that the defendant was in possession of the completed still. Whigham v. State, 21 Ala. App. 454, 109 So. 281. This prima facie case is rebuttable and in this case is rebutted by the evidence of the state's witness, who made a thorough search of the house and entire premises and found no other parts, to complete a still and without which whisky could not be manufactured.

The evidence for the state fails to connect defendant with the two cans except perhaps by an inference that he was the husband of the woman who owned the premises and was in the barn on the morning of the day when the deputy says he found the cans. On the contrary, the evidence for the defendant is overwhelming to the conclusion that if the cans were there the defendant was not the guilty possessor. The court should have granted the motion for a new trial, and failing in this the judgment is reversed and the cause is remanded.

Reversed and remanded.