(133 So. 745)

## REED v. STATE.

1 Div. 984.

Court of Appeals of Alabama.

Feb. 10, 1931.

Rehearing Denied April 7, 1931.

or any device or substitute therefor commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, is not a violation of law amounting to a crime, but such possession is prima facie evidence that the person so found in possession of the parts has in his possession the complete still, and proof of this fact beyond a reasonable doubt will authorize a conviction. Lindsey v. State, 18 Ala. App. 494, 93 So. 331.

■ It is true that the possession of a part of a still, etc., raises a rebuttable presumption, as was held in Bowden's Case, 23 Ala. App. 215, 123 So. 107; but in order for the defendant to be entitled to affirmative instructions on this point, the rebutting evidence must show that the defendant, though possessing a part of a still, did not possess the complete outfit. The case at bar presents a very different state of facts to that presented in the Bowden Case, supra.

■ The unexplained possession of a part of a still suitable to be used in the manufacture of whisky having been proven, the corpus delicti was sufficiently proven to admit proof of the defendant's written confession.

■ Refused charge 1 invades the province of the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

■ The unexplained possession of any part or parts of any still, apparatus, or appliance,