(133 So. 308)

## BERRY v. STATE.
### 6 Div. 915.

Court of Appeals of Alabama.
March 17, 1931.

H. D. Jones, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was tried and convicted under the second count of the indictment, which charged him with the offense of unlawfully possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. The offense thus charged is susceptible of a joint commission by two or more persons.

In this case the evidence consisted of that given by the state's witnesses only. None was offered in behalf of the defendant. This evidence tended to show that this appellant and three other persons, jointly indicted with him, were found in possession of certain component parts of a whisky still, which the undisputed evidence showed was commonly or generally used for, or was suitable to be used in, the manufacture of prohibited liquors and beverages. Under the statute, section 4656 of the Code 1923, it is unlawful for any person, firm, or corporation in this state to manufacture, sell, give away, or have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages. And the next succeeding statute (section 4657 of the Code 1923) provides a rule of evidence in connection with the foregoing statute to the effect that the unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of the violation of the crime denounced in section 4656, supra.

■■ The principal insistence of error is that the state failed to make out its case and the refusal of the affirmative charge for this reason constituted reversible error. That there is no merit in this insistence is manifest. The court properly submitted the case to the jury to determine the probative force, weight, or credibility of the evidence, and if the evidence submitted to the jury convinced them beyond a reasonable doubt of the guilt of the accused their duty was to return a verdict accordingly. The undisputed evidence met the rule required by the statute, supra. This appellant, and others, as stated, were found in possession of the contraband articles specified in the statute. No explanation of such possession was attempted or offered to be shown, and as a result of this status the jury very properly rendered its verdict upon which the judgment of conviction in this case is predicated and from which this appeal was taken. Reeves v. State, 19 Ala. App. 72, 95 So. 203. Wilson v. State, 20 Ala. App. 62, 100 So. 914. Wilson v. State, 211 Ala. 574, 100 So. 917.

■ The demurrer to the indictment was properly overruled. Jinright v. State, 220 Ala. 268, 125 So. 606.

The court rendered a fair and very able charge to the jury. In this charge every substantial right of the accused was safely guarded. In addition to the excellent oral charge of the court which covered every phase of the law applicable to this case, the court gave a large number of special written charges requested by defendant.

■ Charge 7, refused to defendant, was fairly and substantially covered in several instances in the court's oral charge, and also in the charges given at request of the defendant. The court was therefore under no duty to again give this instruction to the jury.

Several exceptions were reserved to rulings by the court upon the admission of evidence. While no insistence in this connection appears in brief of counsel for appellant, we have nevertheless examined and considered each of these exceptions so reserved, as the law requires. The exceptions are so clearly without merit no discussion is necessary. No error appears in any of the rulings complained of. The record proper is also without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.