(94 South. 249)

## MASTERS v. STATE. (2 Div. 239.)

(Court of Appeals of Alabama. May 16, 1922. Rehearing Denied June 20, 1922.)

1. **Indictment and information** ⬅110(3)—**Offense created by statute may be charged in statutory language.**

Where a statute creates a new offense unknown to the common law, and describes its constituents, the offense may be charged in the statutory language.

2. **Indictment and information** ⬅91(2)—**Intoxicating liquors** ⬅131 — **Indictment for possession of a still to be used in making prohibited liquor need not allege that possession was felonious, and purpose is element of crime.**

Under Gen. Acts 1919, p. 1086, the mere possession of a still is not a violation of law, but it is the possession, coupled with the fact that the still is to be used for manufacturing prohibited liquors, that constitutes the crime, and when the two facts coexist the crime is complete, and, when so charged in indictment, all of the constituents of the crime are sufficiently described, and the indictment need not charge that the possession was felonious.

3. **Criminal law** ⬅363—**Evidence as to surroundings at or near still held admissible as part of the res gestæ.**

In a prosecution for possession of a still, evidence of the surroundings at or near the still were admissible as part of the res gestæ.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Charlie Masters was indicted for having a still, etc., in his possession to be used for the purpose of manufacturing prohibited liquors. From a judgment of conviction, he appeals. Affirmed.

Certiorari denied 94 South. ——.

The indictment reads as follows:

"The grand jury of said county charge that before the finding this indictment Charlie Masters, since the 1st day of January, 1920, did manufacture, sell, give away, or have in his possession a still, apparatus appliance or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liq-

uors or beverages, contrary to law, against the peace and dignity of the state of Alabama."

Thomas F. Seale, of Livingston, for appellant.

The indictment for a felony must allege that the act complained of was feloniously done. 10 Ency. Pl. & Pr. 492; 3 Stew. 123, 20 Am. Dec. 66; 41 Miss. 570; 60 Miss. 251. It was error to permit the state to show that the still had been fired without showing that it was after January 1, 1920. 89 South. 306.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. It is insisted that the indictment is bad on demurrer, because it fails to allege that the possession was felonious, and as authority we are cited to State v. Seay, 3 Stew. 123, 20 Am. Dec. 66. In that opinion it is said:

"The rule deducible from these authorities is that the indictment must contain all the essentials to constitute the offense * * * and that they must not be left to inference."

[1, 2] The rule is there well stated, but in that case the question related to stolen property, which involved a felonious taking, as well as a felonious possession, and without which there could be no violation of the statute. The general rule is that when a statute creates a new offense, unknown to the common law, and describes its constituents, the offense may be charged in the statutory language. McLain v. State, 15 Ala. App. 24, 72 South. 511; Porter v. State, 15 Ala. App. 218, 72 South. 776; Ramey v. State, 9 Ala. App. 51, 64 South. 168. The statute (Acts 1919, p. 1086) does not make the mere possession of a still, etc., a violation of law, it is the possession coupled with the fact that it is to be used for the purpose of manufacturing prohibited liquors, which constitutes the crime, and when the two facts coexist the crime is complete, and when so charged in an indictment all of the constituents of the crime are sufficiently described.

The other demurrers are not insisted on, but none of them are well taken.

[3] The still alleged to have been in the possession of defendant was found in defendant's smokehouse. The defendant had a right to have it there, unless it was to be used for the purpose of manufacturing prohibited liquor, and therefore it was proper for the state to show that there were cans and barrels and jugs there; that there were several barrels there that had the same odor as the barrel of mash found there; that the jugs had the same odor; that there was a trough, with holes where the pipes came

through, and was daubed with clay; that on the outside the clay was hard, where it was daubed around the pipe; that there had been a fire there. The jury was entitled to have a complete description of the still and its surroundings, and what the defendant had at or near it, as tending to prove to what use the still was to be put. The whole surroundings at or near the still are a part of the res gestæ and are relevant. The question in this case is, not what he had done, but what it was his purpose to do. The charge in Milner v. State, 89 South. 306,[1] was for manufacturing since a certain date, and we there held that the evidence was not sufficient to fix the time; but here the time of the possession is fixed within the time laid in the indictment.

The other exceptions are not insisted on in brief, but we have examined each of them, and find no error in the court's ruling. We find no error in the record, and the judgment is affirmed.

Affirmed.