### BROCK v. STATE. (4 Div. 674.)

(Court of Appeals of Alabama. Feb. 6, 1923. Rehearing Denied March 6, 1923.)

1. **Indictment and information** ⊜⇒87(8)— **Charge of possessing still without accurately indicating time held defective, but not void.**

An indictment charging that before the finding of the indictment and since the 30th day of September, 1919, defendant did have in his possession a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic liquors contrary to law, while defective as charging the commission of an offense new to the law and covering a period of time both when the thing charged was and was not a violation of the law, was not void since it charged an offense punishable by law during a part of the time covered by the indictment.

2. **Intoxicating liquors** ⊜⇒131—**To be illegal possession of still must be coupled with purpose to use it to manufacture prohibited liquors.**

Under Acts 1919, p. 1086, the mere possession of a still is not made a violation of the law: it is the possession of a still, apparatus, or appliance, or any device or substitute therefor, coupled with the fact that it is to be used for the purpose of manufacturing prohibited liquors or beverages, which constitutes the crime.

3. **Intoxicating liquors** ⊜⇒233(2)—**Finding of materials for making whisky admissible as to purpose of owning still.**

In a prosecution for possessing a still, evidence that about 30 gallons of beer, adaptable for making moonshine whisky, were found in defendant's home, was a circumstance to be considered by the jury in determining whether the still found in their possession was to be used for making any prohibited liquors or beverages.

4. **Intoxicating liquors** ⊜⇒236(19)—**Conviction of possessing still sustained.**

In a prosecution for having in possession a still for the purpose of making prohibited liquors, evidence *held* to sustain a conviction.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Charlie Brock was convicted of possessing a still, etc., and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, and G. W. Winn, of Clayton, for appellant.

The indictment was defective in failing to state the period within which the offense was committed. 55 Ala. 167; 83 Ala. 84, 3 South. 711; 112 Ala. 70, 20 South. 592; 18 Ala. App. 173, 89 South. 825; 18 Ala. App. 217, 90 South. 16; 18 Ala. App. 223, 90 South. 55. The defendant was due the affirmative charge. 85 South. 867; 85 South. 868.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No demurrer was interposed to count 5 of the indictment, and the verdict as referred thereto must stand, if supported by the evidence. 207 Ala. 656, 93 South. 383. There is sufficient evidence to support the verdict.

BRICKEN, P. J. Count 5 of the indictment, under which this defendant was convicted, reads as follows:

"Count 5. The grand jury of said county further charge that before the finding of this indictment and since the 30th day of September, 1919, that Charlie Brock did have in his possession a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages contrary to law.".

[1] No demurrer or other objection was interposed to the indictment, or to any count thereof; and on this appeal, for the first time, insistence is made that count 5, under which the defendant was convicted, is void, and will not support a conviction. Count 5 is defective, but not void. It is defective in that it charges the commission of an offense new to the law, and covers a period of time both when the thing charged was and was not a violation of the law, and was therefore subject to an appropriate demurrer for a failure to aver the time of the commission of the alleged offense. Glenn v. State, 158 Ala. 44, 48 South. 505. But this account was not void, as it charged an offense punishable by law during a part of the time covered by the indictment, and, as stated, is merely defective and uncertain, and for this reason subject to demurrer pointing out this defect. The indictment is not wanting in any of the essentials of what constituted a violation of law at the time it was returned into court and for several months prior thereto. No demurrer having been interposed, for the reason stated, the contention of the defendant here made cannot be sustained.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's counsel earnestly insist that the testimony adduced upon this trial is insufficient to support the verdict of guilt, and for this reason the affirmative charge, requested in writing by defendant, should have been given. In this insistence we are cited the cases of Mills v. State, 17 Ala. App. 493, 85 South. 867, and McGlon v. State, 17 Ala. App. 495, 85 South. 868, and counsel state in briefs:

"We feel sure that the court will agree with us that this case should be reversed on authority of these cases." -

But this court cannot so agree, for the reason the indictment in the two cases cited was for the offense of distilling, making, or manufacturing the prohibited liquors named, and there was a total absence of evidence to sustain that charge. There was no count in the indictment in either of said cases which charged the defendants, as here charged, with the unlawful possession of a still. As stated, the charge here is the possession of a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic, spirituous, malted, or mixed liquors, etc., and the undisputed evidence in this case is that a still, apparatus, or appliance of this character was found in one of the rooms adjoining defendant's dwelling house or place of residence; that in said room the searching officers also found about 30 gallons of beer of the kind used for making whisky, etc. The defendant was accorded every opportunity of explaining the presence in his house of the still, apparatus, or appliance, and also the 30 gallons of beer. In this connection he testified that the still, etc., was there in the room when he moved there in the year 1918. He did not undertake to make explanation of the presence of the barrel of beer found in his house, but defendant's wife, Mrs. Charlie Brock, testified as to the beer, stating, "I had some sugar and water in a barrel, and intended making some vinegar out of it," and that some time prior to the time the officers found the beer, etc., in the house a negro woman put some shelled corn in the barrel. On cross-examination she stated:

"We were not making vinegar to sell." "I do not know what I was going to do with a whole barrel. I had a barrel of water, and had put some sugar and syrup in the water. I was going to make a barrel of vinegar, and Mattie Sewell, a colored woman, put the corn in there to see what it would make."

She also testified that the still or appliances found in the room of her home by the officers was there when she and her husband moved in about two years ago.

[2] Under the statute (Acts 1919, p. 1086) the mere possession of a still is not made a violation of the law. It is the possession of a still, apparatus, appliance, or any device or substitute therefor, coupled with the fact that it is to be used for the purpose of manufacturing any prohibited liquors or beverages, which constitutes the crime, and, when the two facts, i. e., possession and the purpose of such possession, as stated, coexist, the crime is complete, and as in all other criminal prosecutions the state must offer evidence to prove these coexisting facts, and such proof must be sufficient to satisfy the jury of the guilt of the accused beyond all reasonable doubt and to a moral certainty.

[3] Section 2 of said act establishes a rule of evidence, and provides that the unexplained possession of any part or parts of any still, apparatus, appliance, or any device or substitute therefor, commonly or generally used for or that is suitable to be used in the manufacture of prohibited liquors and beverages, shall be prima facie evidence of a violation of the act under which this defendant was convicted. The still, apparatus, or appliance, as testified to by the state's witnesses, having been found in the possession of defendant, he was therefore required by section 2 of the act, supra, to satisfactorily explain such possession. And the fact that about thirty gallons of beer, "the kind they make moonshine whisky out of" (as testified to by witness Carroll), was also found in the same room and in the home of the defendant, was a circumstance to be considered by the jury in determining whether or not the still, etc., found in his possession was to be used for the purpose of manufacturing any prohibited liquors or beverages.

[4] These facts were for the determination of the jury. We are of the opinion that there was ample evidence in this case upon which to base the verdict of guilt, and to sustain the judgment of conviction. This being the only question presented for review, it follows that the judgment appealed from must be affirmed.

Affirmed.