(100 So. 914)

### WILSON v. STATE.   (7 Div. 961.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied June 17, 1924.)

**1. Intoxicating liquors ☞238(1)—Verdict for defendant properly directed on count without testimony to sustain.**

Verdict for defendant was properly directed, on count charging the making of prohibited liquors, where there was no testimony to sustain such count.

**2. Intoxicating liquors ☞224—Statute providing that unexplained possession of apparatus used in manufacture of prohibited liquors shall be prima facie evidence of violation of act construed.**

Acts 1919, p. 1086, approved Sept. 30, 1919, providing by section 2, that defendant's unexplained possession of articles used in manufacture of prohibited liquors shall be prima facie evidence of a violation of the act, places burden upon state to show beyond a reasonable doubt (1) possession of articles designated, (2) that such articles are commonly or generally used for manufacture of prohibited liquors, and that they are suitable for such purpose.

**3. Constitutional law ☞70(1)—Courts without authority to vary written statutory law.**

Courts are without authority to add to or take from written statutory law, as passed by the Legislature and approved.

**4. Criminal law ☞304(2)—No judicial notice taken that alleged stills are commonly or generally used for manufacture of prohibited liquors.**

Under Acts 1919, p. 1086, § 2, declaring possession of articles used in making liquor prima facie evidence of offense, courts cannot, in absence of evidence, take judicial notice that alleged stills or other apparatus charged by indictment to be in the possession of defendant are such in fact as are commonly or generally used for such purpose, or that they are suitable to be used for that purpose.

**5. Intoxicating liquors ☞236(19)—Possession of still held not to make a prima facie case without proof of general use in manufacture of.**

In a liquor prosecution, a prima facie case was not made out by testimony that several unassembled parts of a still were found in or near the premises of defendant, where there was no showing that articles were commonly or generally used for, or that they were suitable to be used in, manufacture of prohibited liquor.

**6. Criminal law ☞327—Prima facie case of guilt does not generally rebut presumption of innocence or shift burden of proof.**

A prima facie case of guilt does not generally rebut the presumption of innocence or shift burden of proof, and, until state proves, in first instance, beyond a reasonable doubt, facts which constitute offense, accused is not required to establish his innocence by exculpatory evidence.

Foster, J., dissenting.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Newt Wilson was convicted of possessing a still, and appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State (Wilson v. State) 211 Ala. 574, 100 South. 917.

These charges were refused to the defendant:

"(4) I charge you, gentlemen of the jury, that, if you are not convinced beyond a reasonable doubt that the apparatus and device found on Newt Wilson's premises were sufficient to be used for the purpose of manufacturing prohibited liquors, you cannot find the defendant guilty."

"(5) I charge you, gentlemen of the jury, unless you believe from evidence that the device or a substitute for a still, as found by the state witnesses were sufficient to make prohibited liquors without the addition of any other parts, you will find the defendant not guilty."

"(6) I charge you, gentlemen of the jury, that the device and apparatus found by state witnesses in this case are not sufficient to be used for the purpose of manufacturing prohibited liquors contrary to law."

"(7) The court charges the jury that, if you believe all the evidence in this case, you will find the defendant not guilty."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 19 Ala. App. 189.

Charge 3, given for defendant, is as follows:

"(3) I charge you, gentlemen of the jury, that, if you are not convinced beyond a reasonable doubt from the evidence that Newt Wilson had knowledge of the apparatus, device, or substitute for a still, and that he had them for the purpose of manufacturing prohibited liquors, you cannot find the defendant guilty."

H. T. Burns and C. W. Clegg, both of Wedowee, for appellant.

To be illegal, the possession of a still must be with the purpose to use to manufacture prohibited liquors. Brock v. State, 19 Ala. App. 124, 95 South. 559.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Unexplained possession of the parts of a still was prima facie evidence of violation of the law. Acts 1919, p. 1086. Facts and circumstances may be detailed from which the jury may infer that a substitute for a still was commonly or generally used or suitable to be used for the illegal purpose. No one but an expert could testify in ipsissimis verbis that the device is commonly or generally so used. The method of constructing a still is a matter of common knowledge and scientific fact of which the court will take judicial notice. 1 Mayfield's Dig. 311; 4 Michie's Ala. Dig. 116; 3 Mayfield's Dig. 437.

BRICKEN, P. J. [1] There being no testimony to sustain count 1 of the indictment, the court properly directed the jury to find a verdict for defendant as to this count. This count charged the making or manufacturing alcoholic, spirituous, malted or mixed liquors or beverages, some part of which was alcohol.

Count 2 charged that this defendant manufactured, sold, gave away, or had in possession a still, apparatus, appliance, or some device or substitute for a still, apparatus, or appliance, to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law, etc.

[2, 3] The second count charged a violation of the act, approved September 30, 1919 (Acts 1919, p. 1086), which makes it unlawful for any person, firm, or corporation to do any or all of the things charged in said count of the indictment. Section 2 of said act establishes a rule of evidence, and provides that the unexplained possession by the defendant of any part or parts of any still, apparatus, appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of a violation of this act.

Under the rule of evidence established by section 2 of said act, above quoted, in order that the testimony shall constitute prima facie evidence of the violation of said act by the accused, the state must show by the required rules of evidence, that is to say, beyond a reasonable doubt, not only that the defendant had unexplained possession of any part or parts of a still, apparatus, appliance, or some device or substitute therefor, but the state must go further and prove that such part or parts of a still, apparatus, appliance, or some device or substitute therefor was commonly or generally used for or that it was suitable to be used in the manufacture of prohibited liquors and beverages.

In other words, under this statute, in order to make out the prima facie evidence therein provided, the burden is upon the state to show beyond a reasonable doubt (1), the possession of the article or articles designated and (2), by the same measure of proof must also show that such article or articles, so in the possession of the accused, is commonly or generally used for the manufacture of prohibited liquors and beverages, or that such article or articles is, or are, suitable to be used for said purposes. These are the plain terms of the statute, and courts are without authority to add to or take from the written statutory law as passed by the Legislature, and approved.

[4] In the absence of this necessary proof, it cannot be said that the alleged article came within the inhibited terms of the statute. Courts cannot take judicial knowledge of matters of this kind. In Ex parte State ex rel. Davis, Atty. Gen., in re Griggs, 207 Ala. 453, 93 South. 501, it was held not to be error to permit a witness to testify that such articles were suitable for making whisky. See, also, Griggs v. State, 18 Ala. App. 467, 93 South. 499.

[5] In the instant case, the state offered the testimony of three witnesses, which tended to show that in or near the house and on the premises of defendant several unassembled parts of a still were found by them within the time covered by this indictment. But there was no testimony offered, nor was there any attempt to show that such articles were commonly or generally used for, or that such articles were suitable to be used in, the manufacture of prohibited liquors and beverages. In the absence of such proof, a prima facie case was not made out, and the defendant was entitled to the affirmative charge requested by him as to count 2 of the indictment.

[6] We are not to be understood as holding that, if the necessary proof had been offered to thus make out a prima facie case only, the burden of proof resting upon the state would have been shifted, or that such prima facie case would be sufficient generally to rebut the presumption of innocence which under the law attended the accused throughout the entire trial, or until his guilt had been proven to the satisfaction of the

jury beyond a reasonable doubt, for it has been expressly held in a criminal case a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Segars v. State, 86 Ala. 59, 60, 5 South. 558. And until the state proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence. Segars Case, supra.

Under the undisputed testimony the state failed to make out its case. It did not, as stated, offer sufficient testimony to establish the prima facie evidence provided under section 2 of the act supra.

Under the state of proof shown by this record, the refusal of the requested affirmative charge in writing was error. The judgment appealed from is therefore reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

The opinion heretofore rendered in this case in no manner undertakes to change the rule of evidence or the procedure so oft announced by this court as to the offense denounced by section 1 of the act in question, and the insistence of the Attorney General, in brief upon rehearing, to the contrary, is erroneous in this respect. The opinion as rendered has application only to section 2 of said act, and defines the proof necessary to establish the rule of evidence provided in said section as to prima facie evidence of a violation of said act. As stated in the opinion, the Supreme Court in the case of Ex parte State, etc., In re Griggs, 207 Ala. 453, 93 South. 501, held that a witness could testify that alleged part or parts of a still were suitable for making whisky.

Application overruled.

FOSTER, J. (dissenting). Section 1 of an act of the Legislature (Acts 1919, p. 1086) reads as follows:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away, or have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

The unassembled parts of a still were found on the premises of the defendant, and one of the witnesses described it as "practically a complete outfit." There was evidence that the "thumper keg" smelled strong of whisky. The jury could infer that whisky had been manufactured in the still. If it had been used for that purpose this was very convincing evidence that the defendant had it in his possession, "to be used for the manufacture of prohibited liquors." The still was described as "practically a complete outfit." This means substantially a complete still. If this was a complete still, although the parts were scattered, and the "thumper keg" part of the still smelled strong of whisky, it was not incumbent upon the state to show that it was such as was commonly used or generally used or suitable to be used for such purpose. The statute is violated by having in possession a device capable of being used for manufacturing prohibited liquors or beverages when intended to be so used, even though it may not be one in common or general use or suitable to be used for that purpose. In the numerous cases that have arisen under this statute, devices of various types were used, many of which were not commonly or generally used, and many of which could hardly be said to be suitable to be used for making whisky. It is not necessary to a conviction that the parts of a still in possession are commonly or generally used or are suitable to be used for making liquor, if they can be so used and are in possession "to be used" for such purpose. Where only parts of a still are found, for instance, a "thumper keg" smelling strong of whisky and a worm and other parts, although one part may be missing, if the jury may infer from all the facts and circumstances in evidence that the device may be used for making liquor and is to be used for such purpose, it is not necessary that the state introduce a witness to testify that such parts were commonly or generally used or were suitable to be used for such purpose.

Section 2 of the act, supra, was not intended to increase the burden placed upon the state and require proof that the device was commonly or generally used for manufacturing prohibited liquors, or that it was suitable to be used for such purpose. This is the effect of the construction placed upon said section 2 by the majority opinion of the court. Witnesses not familiar with the operation of stills may detail facts and circumstances from which the jury may infer that the device is commonly or generally used or suitable to be used for manufacturing prohibited liquors, without testifying to such facts in ipsissimis verbis. The possession of any device which can be used and is to be used for the purpose of manufacturing prohibited liquors is a violation of the statute.

The charges 4 and 5, requested in writing by the defendant, were properly refused. It is not necessary that the device or substitute for a still be "sufficient to make prohibited liquors without the addition of any other parts."

Charge 3, given at the request of the defendant, states the law correctly on this point. Charge 6 invades the province of the jury and was properly refused. Charge 7, the affirmative charge for the defendant, was properly refused, as there was evidence up-

on which the jury were authorized to convict.

The application for rehearing should be granted. and the judgment reversing the judgment of the lower court and remanding the cause should be set aside, and the judgment of conviction affirmed.