(104 So. 920)

Dave DYSON v. STATE. (7 Div. 108.) (Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 21, 1925.) Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge. Frank B. Embry, of Pell City, for appellant. Harwell G. Davis, Atty. Gen., for the State. Certiorari denied by Supreme Court in Ex parte Dyson, 104 So. 917.

RICE, J. The defendant was convicted of the offense of distilling alcoholic liquors, and he appeals. No brief was filed by appellant, but we have examined critically and carefully the entire record in the cause. A detailed discussion of the evidence, or a treatment seriatim of the several exceptions reserved at the trial, could serve no useful purpose. Suffice it to say that our examination of the record reveals that no prejudicial error infected any ruling of the trial court on the admission or rejection of testimony. The written charges refused, where stating correct propositions of law, were each fully covered, either by the oral charge of the court, or other written charges given at defendant's request. There was abundant evidence to support the finding of the jury. No error, prejudicial to any right of the defendant, appearing in the record, let the judgment be affirmed. Affirmed.

---

(101 So. 923)

Powell EARNEST v. STATE. (6 Div. 581.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Jefferson County, Bessemer Division. J. C. B. Gwin, Judge. Assault with intent to murder.

SAMFORD, J. Appeal abated on account of death of appellant.

---

(103 So. 923)

Henry FARMER v. STATE. (8 Div. 280.) (Court of Appeals of Alabama. Feb. 17, 1925.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Proctor & Snodgrass, of Scottsboro, for appellant. Harwell G. Davis, Atty. Gen., for the State. Violating prohibition law.

BRICKEN, P. J. Under the evidence in this case the defendant was clearly entitled to the affirmative charge, as the state failed to meet the burden resting upon it. The court committed reversible error in refusing written charges 2 and 3. Numerous questions are presented, but there is no necessity to discuss these questions; what has been said being conclusive of this appeal. Reversed and remanded.

---

(101 So. 923)

W. V., alias Pres, FINCH v. STATE. (1 Div. 605.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

BRICKEN, P. J. The defendant, in the court below, was indicted, tried, and convicted for the offense of wantonly or maliciously obstructing a railroad bridge. The jury fixed his pun-

ishment at 10 years' imprisonment in the penitentiary. From the judgment of conviction he appealed. The record proper, upon which the appeal is predicated, appears regular and free from error. The judgment of conviction appealed from will therefore be affirmed. Affirmed.

---

(101 So. 923)

Al. FINCH v. STATE. (1 Div. 606.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge. Wanton obstruction of railroad bridge.

SAMFORD, J. Affirmed.

---

(101 So. 923)

John FLOYD and John Lucas v. STATE. (4 Div. 975.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Covington County; W. L. Parks, Judge. Violating prohibition law.

SAMFORD, J. There is no bill of exceptions, and, no error appearing in the record, the judgment is affirmed.

---

(103 So. 923)

Charles L. FRACHISEUR v. STATE. (8 Div. 200.) (Court of Appeals of Alabama. March 24, 1925.) Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge. Street & Bradford, of Guntersville, for appellant. Harwell G. Davis, Atty. Gen., for the State.

RICE, J. The defendant was convicted under an indictment charging in two several counts distilling prohibited liquors and having in his possession a still, etc. Under the authority of Glaze v. State (Ala. App.) 100 So. 629,[1] it would appear that the defendant may have been entitled to have given at his request the general affirmative charge as to the first count of the indictment; but as the evidence may be different on another trial, and as the case must be reversed on another ground, that question will not be here decided. Count 2 of the indictment charged that the defendant " * * * had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages," etc. Under the rule laid down in Wilson v. State (Ala. App.) 100 So. 914,[2] we hold that the general affirmative charge, requested in writing by the defendant, should have, under the evidence, been given as to this count, and for its refusal the case will be reversed. Other exceptions will not be treated, for the reason same may not arise upon another trial. Reversed and remanded.

---

(104 So. 921)

W. A. FRANKLIN v. STATE. (6 Div. 669.) (Court of Appeals of Alabama. May 12, 1925.) Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge. Forgery, third degree.

SAMFORD, J. Appeal dismissed.

---

[1] Ante, p. 7.   [2] Ante, p. 62.