(102 So. 915)

## HUBBARD v. STATE. (2 Div. 309.)

(Court of Appeals of Alabama. Feb. 3, 1925.)

Intoxicating liquors ⚖238(1) — Defendant's guilt of possessing still held for jury.

In prosecution for possessing still, question of defendant's guilt *held* for jury.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Jesse Hubbard was convicted of possessing a still, and he appeals. Affirmed.

Jerome T. Fuller, of Centerville, for appellant.

Defendant was due the general charge. Moon v. State, 19 Ala. App. 176, 95 So. 830; Mills v. State, 17 Ala. App. 493, 85 So. 867; Wharton's Cr. Evi. § 325; 2 Words & Phrases, 1625; Dawkins v. State, 19 Ala. App. 501, 98 So. 492; Guin v. State, 19 Ala. App. 67, 94 So. 788; Knight v. State, 19 Ala. App. 296, 97 So. 163; Wheat v. State, 19 Ala. App. 538, 98 So. 698.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The second count of the indictment, under which the defendant was convicted, charged him, in proper form and substance, with the offense of unlawfully possessing a still to be used for the purpose of manufacturing prohibited liquors contrary to law.

The evidence of the state was in our opinion sufficient to make out a prima facie case against this appellant, and met the rule laid down in Wilson v. State (Ala. App.) 100 So. 914.[1] It would serve no good purpose to here recite the facts adduced upon this trial. The defendant offered testimony in explanation of his presence at the still, and also as to the keg, tools, etc., which he carried there at the time of his arrest. He also contradicted the state's witnesses in several instances as to what occurred, and these conflicts in the evidence, together with other facts adduced upon the trial, clearly presented a jury question. This being true, the court properly refused to the defendant charges 1 and 2, which charges sought to have the court direct a verdict in his behalf.

The exceptions reserved to the court's rulings upon the admission of testimony are so clearly without merit they need no discussion. As stated, the evidence in this case presented a question for the determination of the jury, and was ample to support the verdict and to sustain the judgment appealed from.

The record also is free from error, therefore the judgment of the circuit court is affirmed.

Affirmed.

