(115 So. 765)

**FUNDERBERG v. STATE.   (7 Div. 376.)**

Court of Appeals of Alabama.   March 13, 1928.

Harrison & Stringer, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.   Appellant was convicted of the offense of unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquor.

■ We have read the entire evidence carefully and critically and fail to find anything to show that the "still" found by the officers was "to be used for the purpose of manufacturing prohibited liquor," or that it was suitable to be so used.   Without this essential element of proof, the defendant was entitled to have given, at his request, the general affirmative charge in his favor.   Code 1923, § 4656.

■ It was error for the trial court to charge the jury, orally, that:

"That still [referring to the still found by the officers] was suitable for the purpose of manufacturing whisky."

There was no testimony in the case to support his statement.

■ The court should not have allowed in evidence the statement by witness Simmons that defendant stated to him, shortly after the discovery of the still, "You all caught me fair."   Simmons' testimony discloses that at the time defendant made the statement he had not been informed that the officers had found any still.   There was nothing from which the jury could fairly infer that defendant knew, at the time he made the statement, of the finding of the still, and the whole circumstances surrounding the making of the statement—its joking manner—and the fact that the officers were at the very time searching defendant's premises, some distance from where the still was located, seems to bear out appellant's statement that he had reference

to the sugar the officers were taking from his "smokehouse."

Likewise it was error to admit in evidence the testimony of the witness Campbell that some time after defendant's arrest the defendant stated to him, "Everything there is mine"—referring to the still found near defendant's home. It was clearly shown that this statement of defendant, if it was made, was made in response to a threat by Campbell that if defendant did not admit the possession of the still which was found he, Campbell, "would have to go out there and get his mother-in-law." We might explain that the still that was found was located in an outhouse on the premises of defendant's mother-in-law, and that there was some evidence that defendant had been granted permission by the mother-in-law to use this building to store his plow tools in. While there may be some doubt as to whether a threat to prosecute a man's mother-in-law unless he made a certain admission against his interest, or confession, would cause him to make such confession, or admission, regardless of its truth, yet, even if there is such doubt, it must be resolved against the admissibility in evidence of the statement, so made, sought to be used against him. Wilson v. State, 110 Ala. 1, 20 So. 415, 55 Am. St. Rep. 17. We do not think it appears that the statement of the defendant, testified to by Campbell, was voluntary.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.