(139 So. 575)

**TINKER v. STATE.**

7 Div. 745.

Court of Appeals of Alabama.

Feb. 9, 1932.

John B. Isbell, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

It was charged in the indictment that the appellant was guilty of unlawfully distilling, etc., "alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol;" or that he unlawfully "had in his possession etc. a still etc. to be used for the purpose of manufacturing prohibited liquors or beverages." Code 1923, §§ 4627, 4656.

The term "prohibited liquors, etc.," is defined by Code 1923, § 4615.

We have carefully read the evidence in this case.

All it shows is—if it shows that, to the required degree—that appellant was distilling "liquor."

What kind of "liquor," we know not. Or, that he had possession of a still, to be used for the purpose, or which was used for the purpose, of manufacturing "liquor."

Such testimony cannot support the verdict of the jury, nor the judgment of the court.

We cannot "guess," neither could the jury "guess" that the liquor above mentioned was "alcoholic," or that it was "prohibited," etc.

Appellant's motion to set aside the verdict, etc., should have been granted. And for the error in overruling it, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.