Henry K. Dickinson, of Opelika, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

SAMFORD, Judge.

The evidence in this case is without conflict, and tends to prove that the defendant was present at a still suitable to be used in the manufacturing of whiskey; and, at the time the officers appeared, he was exercising acts of ownership over the still. When he saw the officers he fled.

There was further testimony tending to show that there was a well defined path leading from the defendant's house to the still, and that the path had been in constant use. While it appears that the worm to the still was not connected in such way as to manufacture whiskey, under the Statute, Code 1923, § 4656 et seq., the possession of the parts of the still, their presence, coupled with the acts of ownership over it, the defendant's flight, and the proximity and connection of the defendant's house to the still, furnishes testimony sufficient to sustain a conviction.

We find no error in the record and the judgment is affirmed.

Affirmed.

189 So. 85

**MORGAN v. STATE.**

5 Div. 75.

Court of Appeals of Alabama.

May 16, 1939.