4 So.2d 183

### EMERSON v. STATE.

### 6 Div. 671.

Court of Appeals of Alabama.

Feb. 4, 1941.

Rehearing Denied Feb. 18, 1941.

Reversed on Mandate June 30, 1941.

Rehearing Denied Oct. 7, 1941.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The former opinion by this court in this case is hereby withdrawn and held for naught, under the provisions of Section 7318, Code 1923, Code 1940, Tit. 13, § 95.

We will now proceed to consider this appeal upon its merits.

The prosecution in this case was for the violation of the State prohibition law, Code 1940 Tit. 29, § 93 et seq. It originated in the Inferior Court of Tuscaloosa County, Alabama, upon an affidavit and warrant, both regular and in proper form and substance.

From a judgment of conviction in said Inferior Court, an appeal was taken to the circuit court, as the law provides.

In the circuit court, the defendant, demanded a jury trial, which was granted, and he was there tried upon a complaint filed in said court by the Solicitor. Said complaint was in words and figures as follows:

"Complaint

"The State of Alabama
Tuscaloosa County

In the Circuit Court
July Term, 1939.
On Appeal from the
County Court.

"State of Alabama
vs.
Miller C. Emerson

"1. The State of Alabama, by its Solicitor, complains of Miller C. Emerson that, within twelve months before the commencement of this prosecution, he did sell, offer for sale, keep for sale, or otherwise dispose of spirituous, vinous or malt liquors, contrary to law.

"2. The State of Alabama, by its Solicitor, complains of Miller C. Emerson that, within twelve months before the commencement of this prosecution, he did have in his possession spirituous, vinous or malt liquors, contrary to law.

"Gordon Davis
"Circuit Solicitor.

"Filed in office 17 day of Oct., 1939.
"I. N. Hobson, Clerk."

■ Before entering upon the trial in the circuit court upon the merits of this case, the defendant interposed his plea of former jeopardy, as appears of record. By consent of parties this matter was considered by the court without a jury. The result of said hearing was in favor of the State and against the defendant, and the court held that the judgment of the Inferior Court could not be impeached by parol testimony in the manner undertaken by the accused. The ruling of the court in this matter was correct, and the exception reserved to said ruling is without merit.

We have read and considered the evidence adduced upon the trial of this case in the court below. The evidence for the State tended to show that the defendant was in possession of a small bottle which he broke on the concrete floor of a garage near his place of business. Two of said witnesses testified they saw him break the bottle and that they found a few drops of whiskey left in portion or particle of said bottle. The witnesses also testified to have found in a cache, or hole in the ground, some distance away from defendant's place of business, 24 cans of beer. This beer was not upon the premises of defendant, but they testified a well beaten path led from his store to the hole in the ground where the beer was found. Said witnesses testified they did not know who owned the beer or who was in possession of it. Said witnesses further testified they made a thorough search of defendant's place of business for whiskey and beer but found none anywhere in the building.

The State witnesses hereinabove referred to, as shown by the record, were law enforcement officers. They did not arrest the defendant on the occasion, but he was arrested some days later, upon the process set out above.

The defendant, testified he had no bottle of whiskey on that occasion and did not break any bottle at all. Further, the 24 cans of beer the officers found did not belong to him, nor was it on his premises, and that he had no possession of it, and didn't know anything about it. His testimony in the main, was corroborated by witnesses who testified in his behalf.

■ From the foregoing conflicting evidence a jury question was presented, but we note from the record the trial below was conducted throughout in a very unusual manner wherein the constitutional rights of the accused were manifestly impinged, i. e. to say he was not, in our opinion, accorded the fair and impartial trial to which every person charged with crime is entitled.

■■ Any person charged with, or on trial for, a criminal offense is entitled to a fair and impartial trial, for the law is that no person shall be accused, arrested, detained, or tried, except in the manner and form provided by law. It makes no difference how guilty a person might be, these sacred and valuable constitutional and statutory rights of the citizen cannot be disregarded by trial courts, over the objection of the accused, and such unlawful acts affirmed, on the ground that the citizen was not injured by thus being deprived of his rights. It is difficult to understand how it is possible that a citizen is not injured when he is deprived of such rights. As stated in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462: "The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

■ Courts are established for the fair and impartial administration and promotion of justice, and, as stated in the case of Seay v. State, 207 Ala. 453, 93 So. 403, 405:

"The law should prevail, without any reference to the magnitude or brutality of the offense charged. No matter how revolting the accusation, how clear the proof, or how degraded, or even brutal, the offender, the Constitution, the law, the very genius of Anglo-American liberty, demand a fair and impartial trial. If guilty, let him suffer such penalty as an impartial jury, unawed by outside pressure, may under the law inflict upon him. He is a human being and is entitled to it. Let not an outraged public, or one which deems itself outraged, stain its own hands—stamp on its soul the sin of a great crime—on the false plea that it is but the avenger of the innocent."

■ The Solicitor in the examination of witnesses, upon several occasions undertook to inject into this case foreign and adverse matters not within any of the issues involved. This defendant was called

upon to answer only the specific charge upon which he was on trial for, and not other separate and distinct matters, which may or may not have happened several years ago. And in his argument to the jury the Solicitor made unwarranted statements, as of fact, not sustained by the evidence, which must have had the effect to prejudice the minds of the jury against the defendant to the extent of rendering it doubtful, if not impossible, for the jury to render a fair and impartial verdict required of all juries in criminal, and other cases. Likewise, the jury, of necessity, must have been highly prejudiced against the accused as the result of the volunteered, unauthorized and illegal statement made by State witness Elrod who testified: "I have been a police officer in Tuscaloosa for eleven years. I know the defendant. I know where he lives." The Solicitor then asked this witness the following question: "Do you know his general reputation?" The witness answered: "He is known as a whiskey seller and gambler."

The defendant objected to the above answer and the court sustained the objection. The defendant moved the court to grant a mistrial in this case on account of the prejudicial statement of this witness, on the ground that the answer was so prejudicial that the effect could not be erased from the minds of the jury.

The court overruled the defendant's motion for a mistrial and the defendant in open court duly and legally excepted to the ruling of the court.

The trial judge, by its rulings, undertook to avert some of these prejudicial and erroneous matters, but, in our opinion, it was impossible to do so, the jury having heard and seen all that had occurred in this connection. What this court said in our case of Cassemus v. State, 16 Ala.App. 61, 75 So. 267, 268, is peculiarly applicable here. Viz:

"A defendant is entitled to a fair trial by jury according to the law and the evidence, and such trial should be free from any appeal to prejudice or other improper motive. It would appear that the learned and upright judge before whom this trial was conducted did all in his power to right the wrong occasioned by the improper and untimely remarks of the solicitor; it cannot, however, be seriously doubted but that the poison that had been injected would be difficult to eradicate; and in this case, when all the facts are taken into considera-

tion, it does not clearly appear that a perfectly fair trial, without undue burden, prejudice, and lias, was accorded the defendant, and therefore the court was in error in overruling defendant's motion for a new trial."

In the case at bar we feel impelled to hold, and do so hold, that the trial court erred in overruling and denying the defendant's motion for a new trial, several grounds upon which the motion is based are well taken.

Reversed and remanded.