31 So.2d 771
### HUDSON v. STATE.
### 4 Div. 6.

Court of Appeals of Alabama.
May 6, 1947.

Rehearing Denied May 27, 1947.

Reversed on Mandate Sept. 2, 1947.

J. N. Mullins, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was by a jury found guilty on an indictment charging that he did "manufacture, sell, give away, or have in his possession a still or apparatus or appliance or some ·device or substitute therefor to be used for the purpose of manufacturing or distilling prohibited liquor or beverages, against the peace and dignity of the State of Alabama." The court sentenced appellant to imprisonment in the state penitentiary for a term of three years.

The evidence introduced by the state was to the effect that two deputy sheriffs went to appellant's home in Houston County and found appellant in a field adjoining his house. Appellant and a negro man were first seen in the field near a fence as they were proceeding toward the house. Several sets of men's tracks led from the appellant's house to a mashed place in the fence. Fifteen steps beyond this mashed place in the fence in a wooded area, the deputies found a complete drum type still. The still was "charged" with "mash" or "beer," and near the still they found a barrel half full of "beer" or "mash." Also near the still the deputies found a crocker sack and several clear glass jugs. A similar sack and jugs (but filled with syrup)

were found on the porch of appellant's house. The location of the still was about a quarter of a mile from appellant's house. A pint of moonshine whiskey was found on the negro man when he was searched.

In our opinion the evidence introduced by the state was such as to make a jury question of the fact of possession of this still by this appellant. Morgan v. State, 28 Ala.App. 516, 189 So. 85; Emerson v. State, 30 Ala.App. 248, 4 So.2d 183.

The indictment charges a violation of Section 131, Title 29, Code of Alabama 1940 (originally Section 1 of the Prohibition Act, Acts 1919, p. 1086), which is as follows:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away, or have in possession, any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

Appellant's earnest counsel argues strenuously, and not without some encouragement from prior decisions (See Funderberg v. State, 22 Ala.App. 363, 115 So. 765; Tinker v. State, 24 Ala.App. 601, 139 So. 575), that the lower court erred in refusing the appellant's written request for the affirmative charge because of the state's failure to introduce any evidence tending to show that the still in question was commonly or generally used, or suitable, for the manufacture of prohibited beverages.

This argument necessitates a consideration not only of Section 131, supra, but also of Section 132, of Title 29, Code, supra (formerly Section 2 of the Prohibition Act, supra). Section 132 is as follows:

"The unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation of this article."

In effect Section 132 merely creates a rule of evidence and provides that the unexplained possession of any part or parts

of any still, apparatus, etc., commonly or generally, used, or suitable, in the manufacture of prohibited beverages shall be prima facie evidence of the possession of a complete still in violation of Section 131, supra. Brock v. State, 19 Ala.App. 124, 95 So. 559; Pate v. State, 19 Ala.App. 642, 99 So. 833; Berry v. State, 20 Ala. App. 102, 100 So. 922.

It has been uniformly held that when the prosecution relies upon the rule of evidence created by Section 132 to show a violation of Section 131 it is encumbent upon the state to show (1) that the articles designated, i. e., a part or parts of a still, were in the possession of the defendant, and (2) that such article or articles were commonly or generally used or suitable for the manufacture of prohibited beverages, and in the absence of evidence tending to establish either of said elements the defendant is entitled to the affirmative charge. Griggs v. State, 18 Ala.App. 467, 93 So. 499; Masters v. State, 18 Ala.App. 614, 94 So. 249; Brock v. State, 19 Ala. App. 124, 95 So. 559; Wilson v. State, 20 Ala.App. 62, 100 So. 914, certiorari denied 211 Ala. 574, 100 So. 917; Tinker v. State, 24 Ala.App. 601, 139 So. 575; Echols v. State, 24 Ala.App. 352, 135 So. 410.

However, in this case, we are dealing with the possession of a *complete still,* and the state was under no necessity to resort to the rule of evidence created by Section 132, supra.

The offense denounced by Section 131 is the possession of a still to be used for the purpose of manufacturing prohibited beverages. If one possesses a complete still it matters not if it be generally or commonly used, or suitable for the manufacture of prohibited beverages, if the still is possessed for the purpose of such manufacture. Wilson v. State, 211 Ala. 574, 100 So. 917; Young v. State, 28 Ala.App. 491, 188 So. 270.

The elements essential to sustain a conviction for the violation of Section 131, supra, i. e., the possession of a complete still, apparatus, etc. are (1) the possession of such still, etc. and (2) that same is possessed for the purpose of manufacturing prohibited beverages.

When the state introduces evidence tending to establish beyond a reasonable doubt the coexistence of the two above elements it has met the burden cast upon it to show a violation of Section 131, supra. Masters v. State, 18 Ala.App. 614, 94 So. 249; Brock v. State, 19 Ala.App. 124, 95 So. 559; Bradley v. State, 31 Ala. App. 475, 18 So.2d 702.

Reverting to the evidence in the instant case the state, in addition to evidence tending to show possession of this still by the appellant, offered evidence tending to show that the apparatus was a complete still; that it was charged with "mash," or "beer;" that near the still was a barrel half full of "mash" or "beer;" that a number of clear glass jugs were near the still; that a pint of moonshine whiskey was found on the negro man arrested with the appellant.

While we cannot take judicial notice of the nature of the "beer" or "mash" found as above set out, it is our opinion that the very terms "mash" and "beer" did furnish, along with the other evidence, facts from which the jury could reasonably infer in this case the purpose for which the still was possessed. Just when the evidence is sufficient to justify a jury in inferring the required subjective purpose to manufacture prohibited beverages must of course depend on the facts of each particular case. Appellant's counsel argues that since no evidence was offered showing that the "mash" or "beer" found in and near the still was of a nature commonly used or suitable in the manufacture of alcoholic beverages that so far as the jury may have known from the facts shown this still may have been a turpentine still, or a still of a type not used for the manufacture of prohibited beverages. In view of the shown facts we think the above argument overly refined.

While not too clear, it is deducible from the opinions in the Funderberg and Tinker cases, supra, that the doctrines of those two cases are contra in some degree to the opinion here expressed. To the extent that

the doctrines of the above two cases are not consonant with the views here expressed they are hereby overruled.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Hudson v. State, 249 Ala. 372, 31 So.2d 774.