62 So.2d 802

### BRADBERRY v. STATE.

### 6 Div. 557.

Court of Appeals of Alabama.
Jan. 20, 1953.

R. G. Kelton, Oneonta, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted under an indictment charging him with possession of a still as denounced by Section 131, Title 29, Code of Alabama 1940.

The evidence presented by the State tends to show that in March 1951 two deputy sheriffs of Blount County discovered a still in the northern part of said county.

The still was complete and was "charged" with beer or mash and ready for operation, though not in operation at the time.

The officers on this day observed the appellant on a trail that led from the still, but appellant was about 25 yards distance from the still when observed.

The officers returned the next day to watch the still. It was in the same condition as on the previous day, that is no fire was built under the boiler and it was not in operation.

Both officers testified that on the second day they observed the appellant approach the still on a trail that led from the direction of appellant's home. The appellant was carrying a gallon glass jug. He lifted the cover from one barrel containing mash, looked in it, and then went to a second barrel of mash and lifted the cover from it. At the second barrel he lowered the jug into the barrel. At this moment the officers made their presence known and the appellant fled. He was pursued and captured by one of the officers.

On cross-examination of the officers it was shown that there were three other occupied houses about the same distance from the still (about a quarter of a mile) as was appellant's home. It was also shown that the still was near an old saw mill site and that the trail may formerly have been a public road.

The evidence is undisputed that the still was not on land owned or controlled by the appellant.

Testifying in his own behalf the appellant claimed that on both occasions he had

been on the trail near the still for the purpose of setting and tending some animal traps. He denied he had a jug with him, or that he had knowledge of the existence of the still until taken there after his arrest.

 It is our conclusion that the evidence presented by the State is insufficient to sustain the offense charged. The principles necessitating this conclusion are fully set out and reviewed in an opinion by Justice Simpson in the case of Hudson v. State, 249 Ala. 372, 31 So.2d 774, reversing an opinion of this court to be found in 33 Ala.App. 217, 31 So.2d 771. We see no need to reiterate these doctrines in this opinion. The court therefore erred in denying appellant's request for the affirmative charge with hypothesis.

This record is also infected with an additional error, in that during the direct examination of appellant it was attempted to be shown that at the time of his arrest he had been kicked and otherwise abused by the arresting officer. The appellant had made a statement to this effect when the Solicitor interposed an objection. The court thereupon sustained the objection and excluded such testimony, stating "That has nothing to do with this." Exception was duly reserved to this ruling.

The appellant also introduced as a witness Dr. Fruittiger for the stated purpose of showing that the doctor had examined appellant immediately after his arrest and had found bruises, etc. on appellant.

The court sustained all of the objections interposed to questions propounded to this witness and no testimony could therefore be elicited from him.

All that was said or done by the officers while the arrest was being made was part of the res gestae and was admissible in evidence. Traffenstedt v. State, 34 Ala.App. 273, 38 So.2d 619; Staples v. State, 23 Ala.App. 273, 124 So. 122.

The court therefore erred in excluding appellant's testimony as to his abuse by the officer at the time of his arrest at or near the still.

Both officers in their testimony denied they had in anywise abused the appellant at the time of his arrest. The testimony of appellant was also admissible in rebuttal of this line of testimony by the officers. Likewise the testimony, of Dr. Fruittiger, in view of the stated purpose for which it was offered would possess evidence of probative force tending to rebut the officers' testimony. Such testimony should have been allowed.

Reversed and remanded.