63 So.2d 386

### STOVER v. STATE.
### 8 Div. 57.

Court of Appeals of Alabama.

Feb. 3, 1953.

Thos. C. Pettus, Moulton, for appellant.

Si Garrett, Atty. Gen. and Maury D. Smith, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment consisted of two counts. The first charged defendant with manufacturing prohibited liquors. The second count charged the illegal possession of a still, apparatus, appliance or device, etc., to be used for the purpose of manufacturing prohibited liquors. The verdict of the jury was, "We, the Jury, find the defendant guilty as charged in the indictment." The court sentenced defendant to the penitentiary for a term of one year and one day.

The State's evidence was that a federal officer, two State officers and two deputy sheriffs found a 400-gallon box type still northeast of Hillsboro in Lawrence County. The officers got there before day break and hid. About seven o'clock defendant came to the still, pried a board from the opening in the center and stirred the mash with a hoe. When the officers closed in defendant ran back across the branch and was captured.

The still was full of fermented mash. Officer Yielding testified the mash contained alcohol and was in the fermentation stage and stirring accelerates fermentation. He stated: "It could have been run. It wasn't what I deemed in the full stage of dissolution."

Deputy Sheriff Harris also testified the mash contained alcohol, but was not fully ready to run. He stated that frequent stirring prevents the sugar from settling to the bottom and candying there. On cross-examination this witness testified if mash is fermented, whiskey can be made out of it whether stirred or not.

There was no fire under the boiler and the officers testified there was no condenser at the still and none was ever found. They stated that without the condenser the still was not complete and whiskey could not have been made on it.

Defendant lived a mile and a half away in an easterly direction. It was not contended the still was on land belonging to defendant or under his control.

Defendant testified he was on his way to his job of hauling logs, and was going

by Leroy Owens' house to tell him he would pick up some pigs he had bought from Owens when he finished work that afternoon. As he crossed the branch he saw "this thing sticking up there" and went to it. He decided to get a drink of beer and lifted the lid, pushed the bran back with the hoe and drank some beer from his cupped hand. He denied stirring the mash and disclaimed ownership of the still and mash and said he did not know it was there before that morning.

In the case of Glaze v. State, 20 Ala. App. 7, 100 So. 629, certiorari denied 211 Ala. 418, 100 So. 630, Judge Bricken, speaking for the court, observed:

> "If the beer in question contained alcohol, and as to this proposition the evidence was not in conflict, and if the defendant made that beer, his acts in so doing came within the terms of the statute which prohibits the distilling, making or manufacturing any alcoholic, spirituous, malted, or mixed liquors or beverages, any part of which is alcohol, and the terms of this statute are violated, if the liquor or beverage so made or manufactured contains alcohol, even though such liquor or beverage was not made by the process of distilling. It is sufficient if such liquor or beverage is made or manufactured in any manner, and the state is not required to show that such liquor or beverage, a part of which is alcohol, was actually distilled into whisky or other spirituous liquor or beverage. Floyd v. State, 18 Ala.App. 647, 94 So. 192." See also Richardson v. State, 21 Ala.App. 624, 111 So. 50.

■ It is also well settled by our courts that when the evidence affords an inference adverse to accused the general affirmative charge cannot be given, but the question of his guilt must be submitted to the jury. Brown v. State, 30 Ala.App. 5, 200 So. 637, certiorari denied 240 Ala. 648, 200 So. 640; Emerson v. State, 30 Ala. App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136, certiorari denied 241 Ala. 528, 3 So.2d 139.

■ From the evidence submitted and the inferences reasonably to be drawn therefrom we conclude the trial court should not be placed in error for refusing the affirmative charge as to count one of the indictment.

■ As to count two, the proof was undisputed that the still was incomplete. Our courts hold in such cases, where the State relies on the rule of evidence established by Section 132, Title 29, Code: for a conviction under Section 131 of said Title, it is necessary to prove beyond a reasonable doubt (1) possession by the defendant of the articles designated, and (2) that such article or articles are commonly or generally used for or suitable to be used in the manufacture of prohibited liquors, or beverages. And unless both of said elements are established the defendant is entitled to the general affirmative charge. Griggs v. State, 18 Ala.App. 467, 93 So. 499; Masters v. State, 18 Ala.App. 614, 94 So. 249; Brock v. State, 19 Ala.App. 124, 95 So. 559; Wilson v. State, 20 Ala. App. 62, 100 So. 914, certiorari denied 211 Ala. 574, 100 So. 917; Pouncey v. State, 22 Ala.App. 455, 116 So. 803; Hudson v. State, 33 Ala.App. 217, 31 So.2d 771; certiorari granted on ground of insufficiency of the evidence, 249 Ala. 372, 31 So. 2d 774.

■ There was a complete absence of proof that the articles found by the officers were commonly or generally used for or suitable to be used in the manufacture of prohibited liquors. The court therefore erred in refusing the affirmative charge as to count two of the indictment.

■ The general charge was requested and refused as to each count of the indictment. Count two was not supported by the evidence. Under such circumstances the general verdict of guilty is not referable to the count in the indictment supported by the evidence. Jones v. State, 236 Ala. 30, 182 So. 404; Hawes v. State, 216 Ala. 151, 112 So. 761; Jackson v. State, 33 Ala.App. 42, 31 So.2d 514, certiorari denied 249 Ala. 348, 31 So.2d 519.

Other questions presented by the record, to which we have not responded, will probably not recur in the event of another trial.

Reversed and remanded.