150 So.2d 711

**ALABAMA JERSEY CATTLE CLUB et al.**

v.

**ALABAMA STATE MILK CONTROL BOARD et al.**

3 Div. I.

Supreme Court of Alabama.

Feb. 28, 1963.

Edward E. Partridge, Demopolis, for appellants.

B. M. Waller, Montgomery, for appellees.

John P. Kohn and Hugh Maddox, Montgomery, amici curiæ.

SIMPSON, Justice.

Appeal from a judgment of the Montgomery County Circuit Court sustaining the validity of a standing order of the Alabama Milk Control Board.

The Board after holding hearings at the various milksheds in the State issued Standing Order NS–17. Review by certiorari was had in the Circuit Court in accordance with § 226, Title 22, Code of Ala.1940. After hearing oral arguments, the Circuit Court entered a judgment sustaining the validity of Standing Order NS–17. Appellants duly filed a petition for modification of the judgment and a stay order pending appeal which were denied. A petition was filed in the Supreme Court and after a due consideration the stay order was issued. The present appeal is taken from the action of the Circuit Court sustaining the order of the Board in all respects.

Standing Order NS-17 in essence provides that since certain milks are being marketed in Alabama purporting to be the milk of recognized breeds of dairy cattle, and since the cartons have been labeled to convey that the contents are more abundant in solids non-fat than other milk, the labeling is a burden on the milk industry and misleading to the consumer because the milk advertised to be pure is either a mixture from various breeds or a standardized (changed butter-fat content) milk. Therefore the Board ordered:

"1. That it is a violation of the Rules of Fair Trade Practices for a licensee to package and distribute controlled milk products in a carton, which implies or leads the consuming public to believe the carton contains the milk of a particular recognized Breed of Milk Cattle, unless the licensee can prove that all of the milk placed in such cartons, is from such breed as implied.

"2. That it is a violation of the Rules of Fair Trade Practices for a licensee to place on the cartons in which controlled milk products are sold and distributed, any advertising or claims that the natural contents of the carton contain more solids non-fat than other milks. It is further a violation of the Rules of Fair Trade Practices to advertise or claim on a package or carton containing controlled milk products that the natural contents of the carton contain more nutritive food values than other natural milks. The placing on the carton of a claim of higher nutritive values of the contents where it is specified on the carton that certain vitamins or minerals, in specified amounts, have been added is not considered a violation of this section.

"3. That when any natural milk of a recognized Breed of Dairy Cattle is standardized so as to remove butterfat from the natural milk so as to reduce the butterfat content of the milk as finally packaged below the percentage

of 4.4%, such fact will be printed in lettering of not less than $\frac{1}{4}$ inches in height on both the front and rear of the carton, such lettering to read as follows: 'Standardized below 4.4% Butterfat'. It will be permissible for the licensee, if he desires, to follow such statement on the carton with the particular percentage at which milk is standardized."

Paragraph number 4 makes it an offense to sell packaged milk in violation of paragraph 3. The balance of the Order is routine, and apparently is not contested by appellant.

Appellant's position is that the Board has, in promulgation of Standing Order NS-17, overstepped its original purpose as embodied in § 224, Title 22, Code of Ala. 1940, as amended, and is thereby using itself as an instrument to regulate legitimate competition in the milk industry under the guise of unfair trade practices. Appellant's basis for this position is that there is no evidence in the record which substantiates the Order of the Board that the breed milks fall short of the claims made therefor in advertising, resulting in a denial of due process. Stated another way, appellant argues that in singling out breed milks the order is thus discriminatory.

Appellees, on the other hand, urge that the advertising sought to be prohibited as misleading to the consuming public is that all breed milks contained more of numerous substances, non-fat, than any other natural milk, where natural milk in some instances was not being marketed, that is to say that the milk was standardized, by a removal of butter fat. Appellees further point out that there being ample evidence in the record to support the finding and Order of the Board, Standing Order NS-17 is a reasonable rule or regulation.

There can be no serious doubt that the Board has the power to prevent false or misleading advertising so long as the rule or regulation is "reasonable". This is clearly one of the powers granted in § 224, Title 22, Code of Ala.1940, as amended.

■ Our review of the Board's Order is put upon the same basis as was the Circuit Court and we cannot reverse the trial court's judgment unless we are convinced that under the issues properly presented by the petition for certiorari the trial court should have held that the Order of the Board is "unlawful and unreasonable". White Way Pure Milk Co. v. Alabama State Milk Control Board, 265 Ala. 660, 93 So.2d 509.

■ The Court in Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58, in determining whether a jury trial is contemplated in a review by certiorari under § 226, Title 22, supra, enunciated the following rules to be followed on such a review by a circuit court and by this Court: (1) Matters for the judicial tribunal are whether the order is unlawful, and what should be the legal conclusion from the facts found. (2) The review by certiorari includes a determination by the circuit court of whether the order is unreasonable based on the facts so found, but not a determination of whether the facts found by the board are true upon a consideration of the evidence. (3) Where there is some evidence on which to base such a finding, this satisfies the rule of review, as contemplated by the statute.

■ Limiting our review to the scope contemplated by the Homewood decision, as we must do (White Way Pure Milk Co. v. Alabama State Milk Control Board, supra) we are convinced that Standing Order NS–17 is "unreasonable and unlawful". The Order seems to single out the breed milks packaged in cartons and place thereupon undue burdens not required of other milks. While we believe that regulatory bodies at all levels should take whatever steps are necessary to make certain that the product in any package is precisely what the label and advertising on such package state or imply, this should not include an order that would place unfair burdens not required of other milks.

The order, as promulgated by the Board, does not apply to all breed milks but only to those packaged in cartons. This is manifestly an unfair classification. Why should the order be so restricted? We can see no rational justification for such a classification. Breed milks could be just as falsely labeled in glass bottles as in cartons, but the order applies only to breed milks in cartons. We think that no more should be required of breed milk than other milk.

After a close examination of the entire 977-page transcript, considered in the light of Standing Order NS–17, we are led irresistibly to the conclusion that the Order is unreasonable and unlawful. While there may be some evidence indicating a need for the regulation of breed milks, the Order must be reasonable and lawful in that it would operate on all persons similarly situated.

It results that the judgment of the learned circuit court should be, and the same is hereby reversed.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.