HOLMES, Judge.
This is a dairy commission case.
Associated Milk Producers, Inc. (A.M.P.) filed this action in the Circuit Court of Montgomery County, seeking to have Alabama Dairy Commission (A.D.C.) Order R — 21 set aside. The circuit court affirmed the dairy commission’s order and A.M.P. appeals from that decision.
The dispositive issue is whether the trial court erred in affirming the dairy commission’s order.
We find no error and affirm.
This action was spawned by the Alabama Supreme Court’s decision in Delview Meadow, etc. v. Alabama Dairy Commission, 383 So.2d 511 (Ala.1978), cert. denied, 449 U.S. 975, 101 S.Ct. 385, 66 L.Ed.2d 237 (1980), which declared A.D.C. Order 2-76, the so-called buttermilk regulation, unconstitutional. As succinctly stated by this court in Alabama Dairy Commission v. Baker & Son, et al, and Hall Brothers, et al, Civ. 2783 and 2783-X (Ala.Civ.App., 1981), the effect of the buttermilk regulation was to require:
“those milk distributors who manufacture buttermilk by using milk powder rather than fluid milk to pay the producer the difference between the cost of the milk powder and the equivalent portion of the producer’s surplus milk at the Class I price. Milk producers are paid a Class I price for that portion of their milk sold for consumption as fluid milk. A lower Class II price is paid for milk that is used for other purposes, such as in the making of cheese, sour cream, cottage cheese, yogurt, etc.”
The distributors made the payments to the producers as required by the buttermilk regulation until the Delview decision declared the regulation unconstitutional. After Delview, the distributors attempted to recover the payments they had made to the producers under the unconstitutional regulation. The controversy before this court concerns the manner by which the distributors attempted to recover these payments.
The distributors have attempted to recover the payments made under the unconstitutional buttermilk regulation by offsetting the amount of such payments against current debts owed by the distributors to A.M.P. The distributors first proposed this method of recovery in letters to A.M.P. shortly after Delview. As a result of such letters, A.M.P., on May 30, 1980, filed a complaint with A.D.C. seeking a cease and desist order barring the distributors from withholding the monies due A.M.P. Upon failure to receive immediate action from the A.D.C., A.M.P. filed a motion for a temporary retraining order and preliminary injunction in the Circuit Court of Montgomery County seeking the same relief as it had *88 in the A.D.C. complaint. The trial court, in an order issued June 10, 1980, denied A.M. P.’s motion and stated, “the Defendants are entitled to deduct or offset the amount of such compensatory payments from their indebtedness to the Plaintiff.”[1] Only after this order did the distributors begin to deduct monies from the account they owed to A.M.P.
Subsequent to the aforementioned trial court’s order, hearings were held before the A.D.C. based upon A.M.P.’s complaint of May 30. After hearings the A.D.C. issued Order R-21 on July 22,1980. Within Order R-21 the A.D.C. denied the relief requested by A.M.P. and stated further that “the right to the monies withheld is already the subject of litigation and is not properly a matter of arbitration but is a legal matter to be decided by the courts.”
A.M.P. filed a complaint in the Montgomery Circuit Court pursuant to the provisions of § 2-13-63, Code of Ala. 1975, for review of A.D.C. Order R — 21. While such review was pending, A.M.P. obtained a rehearing before the trial court of its earlier order denying A.M.P.’s motion for a temporary restraining order. The trial court again denied relief.[2] On May 1, 1981, the circuit court, via a different judge, affirmed Order R-21. A.M.P. appeals from this order.
The Alabama Supreme Court in Alabama Jersey Cattle Club v. Alabama State Milk Control Board, 274 Ala. 611, 613, 150 So.2d 711, 713-714 (1963), set forth the applicable standard of review for administrative orders of the A.D.C. In that case, our supreme court held that:
(1) Matters for the judicial tribunal are whether the order is unlawful, and what should be the legal conclusion from the facts found. (2) The review by certiorari includes a determination by the circuit court of whether the order is unreasonable based on the facts so found, but not a determination of whether the facts found by the board are true upon a consideration of the evidence. (3) Where there is some evidence on which to base such a finding, this satisfies the rule of review, as contemplated by the statute.
Our review is on the same basis as that of the circuit court. Alabama Jersey Cattle Club v. Alabama State Milk Control Board, supra. Applying the foregoing standards we affirm.
The general function of the A.D.C. is to regulate the production and marketing of milk. § 2-13-41, Code of Ala. 1975. The Alabama legislature specifically granted to the A.D.C. the power to act as mediator and arbitrator in any controversy related to the fluid milk industry. § 2-13-47(18), Code of Ala. 1975. In Order R-21 the A.D.C. exercised its power to, in effect, allow the distributors to offset the monies they had paid to A.M.P. under the unconstitutional buttermilk regulation against current debts the distributors owed to the A.M.P. The validity of Order R-21 depends in part upon whether the effect of Order R-21 is lawful.
The United States Supreme Court in The Bank of the United States v. The Bank of Washington, 31 U.S. (6 Pet.) 8, 17, 8 L.Ed. 299 (1832), stated that:
On the reversal of the judgment, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost. And the mode of proceeding to effect this object must be regulated according to circumstances.... ”
Among the circumstances facing the A.D.C. was our supreme court’s holding in Delview that the buttermilk regulation was retroactively void. In practical effect our supreme *89 court held in Delview that the monies the distributors had paid to A.M.P. was not and never had been the property of A.M.P. A.M.P. does not question the right of the distributors to recover the money the distributors paid out in reliance on the unconstitutional regulation. Yet, A.M.P. would have the distributors continue to pay money to it and then sue for the return of part of the monies so paid. This would appear to be a most inefficient and unjust method of arriving at a result no one contests. We believe that the requirement that courts act in such a manner so as to promote the efficient administration of justice (see Emerson v. State, 30 Ala.App. 248, 4 So.2d 183 (1941), rev’d on other grounds, 241 Ala. 383, 4 So.2d 186 (1941)), applies equally in this case where an administrative agency is performing a quasi-judicial function. Based upon the foregoing we hold that Order R — 21 does not produce an unlawful effect. In arriving at our decision we also note that .the A.D.C. must be given wide latitude in order to carry out its purpose. Dixie Dairies-Dairy Fresh Corp. v. Alabama State Milk Control Board, 286 Ala. 198, 238 So.2d 551 (1970).
The foregoing discussion applies equally to any argument that Order R-21 is unreasonable. We thus hold that Order R-21 is not unreasonable.
We also hold that A.D.C. Order R-21 is supported by sufficient evidence. The A.D.C. had before it the Delview decision which declared the buttermilk regulation void retroactively. It also had before it the Montgomery Circuit Court’s interpretation of Delview. As stated before, the result reached by the A.D.C. was not unlawful.
Based upon the foregoing we hold that the decision of the Circuit Court of Montgomery is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. A.M.P. appealed the order of the circuit court to the Alabama Supreme Court which dismissed the appeal without opinion. Associated Milk Producers v. Meadow Gold Dairies, 386 So.2d 215 (Ala.1980). A.M.P. also filed with the Alabama Supreme Court a motion for stay or, in the alternative, a petition for writ of mandamus. The supreme court denied both of these motions. Ex parte Associated Milk Producers, Inc., 386 So.2d 215 (Ala.1980).

. A.M.P. again appealed to the Alabama Supreme Court which dismissed the appeal without opinion. Associated Milk Producers v. Meadow Gold Dairies, 399 So.2d 844 (Ala.1981).